# DANIEL LEONARD *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. BILL OF EXCEPTIONS — *what proceedings before justice of the peace should appear in.* In a prosecution under section 6, chapter 43, of Revised Statutes of 1874, this court will not review the decision of the circuit court in refusing to dismiss the action for want of a sufficient bond for costs before the justice of the peace, where the bill of exceptions does not set out the bond given before the justice, nor state that no bond was given.

2. ELECTION *as to grounds of action—whether required.* In an action to recover fines alleged to have been incurred under section 6 of ch. 43, Rev. Stat. 1874, entitled "Dram Shops," it is not error to refuse to compel the prosecution, before going to trial, to elect specifically what particular offense, under that section, the defendant was to be required to answer, when it appears that on the trial no evidence was offered except under one clause of the section.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

The motion, referred to in the opinion of the court, was, to dismiss the cause for the reason that an insufficient bond for costs was filed therein.

Mr. OSCAR A. DELEUW, for the appellants.

Mr. ALBERT F. SMITH, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action against appellants, in the name of the appellees, for fines alleged to have been incurred by appellants, by violations of the 6th section of chapter 43 of Revised Laws of 1874.

The action was begun before a justice of the peace of Cass county, July 10, 1874, tried July 24, 1874, when judgment was rendered against appellants. They appealed to the circuit court. A trial was had by a jury in the circuit court at the August term, 1875. Verdict was rendered for appellees for

$200, and judgment was entered thereon, from which judgment the defendants below have appealed to this court.

It is contended that the circuit court erred in overruling appellants' motion to dismiss the action, and in permitting appellees to file a bond for costs.

This objection can not prevail upon this record, because, although the transcript shows that a like motion was made in apt time before the justice of the peace, yet the bill of exceptions does not show that no bond for costs was filed before the justice, nor does it set out the bond, if any, filed with the justice, or in any other manner show that the bond was not in all things sufficient. We have not considered the question, whether such a bond is at all necessary in this action.

It is alleged that the court erred in refusing to compel the plaintiffs, before going to trial, to elect specifically what particular offense, under that section 6, the defendants were to be required to answer. The evidence in the case is all set out, and from that it appears that no evidence was offered, except under one clause of the section. The defendants, therefore, were required, on the trial, to meet offenses under one clause of the statute only, and not offenses of different classes. The judgment can not be disturbed on that ground.

The evidence has been carefully examined, and a majority of the court are of opinion that it fully sustains the verdict.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BREESE: I do not concur in this opinion.