66 443
a67 355

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JUNIOR HATFIELD, PLAINTIFF IN ERROR.

Submitted March 21, 1901—Decided June 10, 1901.

Under section 136 of the Revised Criminal Procedure act (*Pamph. L.*
1898, *p.* 866), the denial of a matter of discretion is ground for
reversal of the judgment of conviction, on writ of error brought
by the defendant; but only when it appears that the plaintiff in
error suffered manifest wrong or injury thereby. Therefore, where
the course of a trial shows that the granting of a bill of particulars
on an indictment for embezzlement would not have aided the de-
fence made to the charge, the denial of a motion therefor will not
work a reversal.

On error to the Passaic Sessions.

Before Depue, Chief Justice, and Justices Dixon, Col-
lins and Hendrickson.

For the plaintiff in error, *Michael Dunn*.

For the defendant in error, *Eugene Emley*, prosecutor of
the pleas.

Per Curiam.

The defendant was convicted of embezzlement upon two in-
dictments, tried together, in the Passaic Sessions, and brings
this writ of error upon exceptions taken at the trial. The
embezzlement charged was of the moneys of the Dime Savings
and Loan Association, of New Jersey, a corporation for which
he (the defendant) was acting as agent. The indictments,
although legally sufficient, were very general, simply charging
the embezzlement, at dates specified, of particular sums of
money mentioned belonging to the association.

The defendant, after denial of a motion to quash the in-
dictments, moved that the prosecutor of the pleas be ordered
to furnish a bill of particulars, in each case, informing the

defendant from whom the moneys alleged to have been embezzled were received.   This motion was denied and an exception was sealed.

Under such general charges it would have been proper to grant the motion for a bill of particulars, and, as section 136 of the revised Criminal Procedure act (*Pamph. L.* 1898, *p.* 866) permits a reversal of a criminal conviction for the denial by the court of a matter of discretion where it appears from the entire record of the proceedings that the plaintiff in error suffered manifest wrong or injury on the trial, we have looked through such record with care, and we think that no wrong or injury was sustained by the denial of the motion.   The money alleged to have been embezzled in the one case was paid to the defendant by William L. Platt, and in the other by Joseph Wadsworth, both being members of the association. There was no question of the receipt by the defendant of such moneys, which were paid by checks to his order, produced in court, and no question but that they were received for the association.   The defence set up was a right to retain the moneys under the terms of the agency.   The bill of particulars asked for would not have helped this defence.

There are seventeen assignments of error, no one of which, in our judgment, has any foundation.

The trial was, in all respects, legally conducted, and the judgments are affirmed.