(No. 14132.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER JASIECKI, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*indictment for embezzling checks need not describe each check stolen.* An indictment against an agent of a corporation for embezzling checks or other securities of the company is sufficient, under section 82 of the Criminal Code, if it alleges the embezzlement generally, without describing with particularity each of the checks or securities which it is charged the defendant stole.

2. SAME—*People not required to elect, at outset, on which act of embezzlement a conviction will be asked.* Where the offense charged in each count of an indictment for embezzlement grows out of the same transactions it is proper to join the offenses in the same indictment, and the People should not be required to elect, at the outset, for what particular act of embezzlement a conviction will be asked, as embezzlement often consists of many acts done in a series, which together constitute the crime.

3. SAME—*when indictment for embezzlement sufficiently alleges ownership of the property.* In a prosecution for embezzlement it is sufficient that the indictment charges that the property belongs to persons who have a special ownership or interest in the property or who have possession of it.

4. SAME—*when defendant is not a joint owner of checks he is charged with embezzling.* The agent of a loan association who is charged with embezzling the company's checks representing loans to borrowers is not proved to be a joint owner of the checks merely because the borrower usually permitted him to deduct his fees from the amount due the borrower, where said fee was a fixed amount and not based on a percentage of the amount loaned and where there was no understanding that the agent was to receive his fees out of said checks.

5. SAME—*when mistake in verdict as to amount of money embezzled is not prejudicial.* In a prosecution for embezzlement, the fact that the jury did not give the defendant credit for some of the money for which he properly accounted does not prejudice his rights, where the difference is not sufficient to make the total sum embezzled less than $15; and a finding that the property was worth $15,700 is not prejudicial, even though it is $700 more than that stated in the bill of particulars.

6. SAME—*when failure to require People to elect in embezzlement trial will not reverse.* Where it develops on the trial for embezzlement of checks that the conversion of each check was a separate transaction, the court should, at the close of all the evidence, require an election as to which check a conviction will be asked; but the refusal to require an election will not require a reversal where the jury could have reached no other conclusion than one of guilt had the election been made as to any check, each of which was of greater value than $15.

7. SAME—*when error on the trial is not ground for reversal.* Where it can be said from the record that an error committed on the trial could not reasonably have affected the result or the substantial merits of the case the judgment of the trial court will not be reversed for such error.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding.

HENRY W. FREEMAN, and MICHAEL L. IGOE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and FLOYD E. BRITTON, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE E. FISHER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Walter Jasiecki, was charged in an indictment consisting of three counts with larceny as bailee of six checks, with embezzlement of the same checks, and with larceny of the same checks. The checks were the property of the Loan Association of the Members of All Saints Parish, a corporation, and were of the total value of $15,700. All three counts were submitted to a jury, which returned a verdict finding plaintiff in error guilty of larceny by embezzlement and finding the value of the property stolen to be $15,700.

o

Plaintiff in error was employed in the capacity of conveyancer for the loan association. When a person desired to borrow money from the association he made application for the loan, and if the appraising committee reported favorably and the board of directors decided to make the loan the applicant was required to become a member of the association. It was part of the duty of plaintiff in error to examine or cause to be examined the title of the real estate to be pledged as security and to attend to the drafting and execution of the necessary papers to insure to the loan association a first lien on the real estate. If plaintiff in error approved the title the loan association issued its check for the amount of the loan, payable to the order of the applicant, which check the applicant would immediately indorse and return to the association. The association thereupon delivered the check to plaintiff in error for the purpose of making distribution of the proceeds. If there was an existing incumbrance on the real estate tendered as security, it was the duty of plaintiff in error to see that this incumbrance was removed by the payment of the amount due. After paying other expenses incidental to the transfer of the real estate and the perfecting of the loan the balance of the proceeds of the check was paid to the applicant.

In January, 1916, plaintiff in error informed the secretary of the association that he had received the application of Julius Rutkowski for a loan. He gave the secretary the location of the property to be pledged, and after the appraising committee and board of directors approved the loan the secretary informed plaintiff in error and requested him to prepare the necessary papers. February 26, 1916, plaintiff in error reported that the title was clear, that the necessary papers had been prepared, and requested the association to issue its check. A check was issued, payable to the order of Julius Rutkowski, for the sum of $3000. Plaintiff in error placed or caused to be placed on the back of this check the name of Julius Rutkowski. Immediately

beneath this name he placed his indorsement and deposited the check to the credit of his personal account in the Northwest State Bank. It was paid in regular course by the drawee, the Northwestern Trust and Savings Bank, and the canceled check was returned to the loan association. Rutkowski and the entire transaction were fictitious. The plaintiff in error appropriated the full amount of this check to his own use.

In October, 1916, Mateusz Moretz made application to the loan association for a loan of $1300. Moretz had just acquired title to a piece of property in Chicago upon which there was a mortgage of $900. He desired to borrow the sum of $1300 so that he might clean up this and other outstanding obligations. The property was appraised, the loan was approved and a check issued November 4, 1916, payable to the order of Moretz for $1300. The check was indorsed by Moretz, returned to the secretary of the association and delivered by him to plaintiff in error, who indorsed the check and deposited it to the credit of his personal account. The check was paid in due course and returned canceled to the loan association. Plaintiff in error paid over to Moretz $195 and delivered to him a statement showing the expenditure of the remainder of the $1300, which included payment of the $900 loan on the property. The $900 loan secured by the mortgage was not due until December 18, 1917. Plaintiff in error did not pay this loan but converted to his own use $1105 of the proceeds of this check. The mortgage was later discharged by the loan association.

March 3, 1917, plaintiff in error put through another fictitious loan for $6000. From three subsequent loans he appropriated to his own use the sums of $1900, $1000 and $1800. When the mortgagees sought to collect the loans which it was intended plaintiff in error should pay from the proceeds of these checks, plaintiff in error was called before the board of directors of the loan association for

an explanation. He confessed that the Rutkowski and Ko-
necke loans were fictitious and that he had appropriated to
his own use funds from the other four loans.

The first ground urged by plaintiff in error for reversal
of this judgment is, that the indictment is insufficient for
the reason that it does not describe with particularity each
of the six checks which it is charged plaintiff in error stole.
Section 82 of the Criminal Code provides that in prosecu-
tions for the offense of embezzling checks or other securi-
ties for money of any incorporated company by any officer
or agent of such company it shall be sufficient to allege
generally in the indictment an embezzlement, fraudulent
conversion, or taking with such intent, of funds of such
company to a certain value or amount, without specifying
any particulars of such embezzlement. The indictment met
these requirements and was therefore sufficient.

It is next contended that the court erred in refusing
to require the prosecution to elect under which count and
on which check conviction would be asked. The offense
charged in each count of the indictment grows out of the
same transactions, and it was proper for the prosecution to
join the offenses in the same indictment. (*Lyons* v. *Peo-
ple,* 68 Ill. 271; *People* v. *Fitzgerald,* 297 id. 264.) From
the face of the indictment it could not be ascertained that
the conversions of the several checks were separate and dis-
tinct offenses, nor could it be ascertained that the prose-
cution would be able to prove the details of the conversion
or conversions. Section 82, hereinbefore referred to, pro-
vides that on the trial for embezzlement evidence may be
given of any such fraudulent conversion, and that it shall
be sufficient to maintain the charge in the indictment if it
is proved that any check or other security for money of
such company, of whatever value or amount, was fraudu-
lently converted by such officer or agent. Embezzlement
may, and often does, consist of many acts done in a series
of months or even years, and the fact at last disclosed (that

the employer's money and funds are embezzled) is the crime at which the statute on embezzlement is directed. The statute was passed to cover offenses related to but not actually being the crime of common law larceny. In many cases of embezzlement, should the prosecution be compelled to elect at the outset that it would claim a conviction for only one of the many acts of the series that constitute the *corpus delicti,* it would be doubtful if a conviction could be had against an officer or agent of a corporation, although the accused might be conceded to be guilty of embezzling large sums of moneys or securities in the aggregate. It is for this reason that the statute has provided that a conviction may be had if the prosecution proves the embezzlement in a general way. There was no error in the court's refusal to require the prosecution to elect at the outset for what particular act of embezzlement a conviction would be asked. *Ker* v. *People,* 110 Ill. 627; *Schintz* v. *People,* 178 id. 320.

It is next contended that the several checks were the property of the respective payees, and that there was a variance between the proof and the allegations of the indictment for the reason that the indictment charged that the checks were the property of the loan association. This argument certainly has no force with respect to the $3000 Rutkowski check and the $6000 Konecke check, for the reason that the respective payees were fictitious. The respective payees of the other four checks indorsed the checks in blank and delivered them to the association, which in turn delivered them to plaintiff in error. The checks were then the property of the association, the proceeds of which were to be used by the association to discharge outstanding indebtedness of the borrower and for other authorized purposes. The conversion of the checks by plaintiff in error caused a loss to the association and not the several payees. It is sufficient that the indictment charges that the property belongs to persons who have a special ownership or inter-

est in the property or who have possession of it. *Ker* v. *People, supra; People* v. *Fitzgerald, supra.*

Plaintiff in error received a fee in each case for the examination of the title and the preparation of the necessary papers, which fee was to be paid by the borrower. This fee was a fixed amount and was not in any instance based on a percentage of the amount loaned. Ordinarily his fee was deducted from the proceeds of the checks turned over to him by the loan association, and it is contended that this gave him an interest in each check, and that the property which he is charged with having fraudulently converted was not, therefore, property belonging exclusively to the loan association. There was no understanding that plaintiff in error was to receive his fees from the check issued by the loan association to the borrower, and the fact that the borrower usually permitted plaintiff in error to deduct his fees from the amount due the borrower at the conclusion of the transaction did not make plaintiff in error a joint owner of the check. *People* v. *O'Farrell*, 247 Ill. 44.

It is next contended that the verdict is not responsive to the charge or to the proof because the jury fixed the value of the property stolen at $15,700. This was the total face value of the six checks delivered to plaintiff in error. The bill of particulars filed pursuant to an order of the court states that plaintiff in error embezzled only $1000 of a $1700 check issued to one Wojciechowski. The fact that the jury did not give the plaintiff in error credit for some of the money for which he properly accounted did not prejudice his rights in the least. The statute makes embezzlement larceny, and the punishment fixed for larceny is imprisonment in the penitentiary if the property stolen exceeds the value of $15. The only purpose in requiring the jury to find the value of the property stolen is to have it properly determined that the property had some value and that the value was either more or less than $15. The finding by the jury that the property stolen was worth $15,700

amounted to a finding that the value of the property stolen exceeded $15, which is all that the statute requires.

The only serious error urged by plaintiff in error is the failure of the criminal court to require the People to elect, at the close of all the evidence, on which check conviction would be asked. After it developed on the trial that the conversion of each check was a separate and distinct transaction the court should have required an election. (*Goodhue* v. *People,* 94 Ill. 37.) While it could not be determined at the outset that the conversions were separate and distinct transactions, the evidence clearly showed that the conversion of each check was independent of the other conversions as to time, amount and circumstances. As soon as that situation appears on the trial it is the duty of the court to require the prosecution to elect. (*West* v. *People,* 137 Ill. 189; *Schintz* v. *People, supra.*) These transactions were, however, all parts of one scheme to defraud the loan association. Each separate conversion is a felony, and the punishment provided by statute is the same whether the amount converted is $15.70 or $15,700. That plaintiff in error converted to his own use each and all of these checks there is no doubt. There is no pretense that he is not guilty of criminal conduct. He did not testify nor did he offer any evidence in explanation or mitigation of the offense. The objections taken to the legality of his conviction are of the most technical character. We must determine, therefore, whether in this state of the record we will reverse the judgment for an error which does not in the least affect the merits of the case. In *Leonard* v. *People,* 81 Ill. 308, this court refused to disturb a judgment where the trial court refused to compel the prosecution, before going to trial, to elect specifically what particular offense under a certain section of the Dram-shop act the defendant was to be required to answer, where the record showed that no evidence was offered except under one clause of the

section. In *Mix* v. *People,* 122 Ill. 641, it was held that
the error in overruling a motion for a change of venue on
account of the prejudice of the judge of the court was ren-
dered harmless by the case being tried by another judge of
the same court, on the ground that an error that does no
harm is not ground for reversing a judgment. In *State*
v. *Hatfield,* 66 N. J. L. 443, 49 Atl. 515, it was held that
it was not error, on a prosecution for embezzling money,
to refuse a motion for a bill of particulars of each embez-
zlement where there was no question as to the receipt of
the money by the defendant, the defense being the right to
retain the same under a contract of agency. As we have
said, plaintiff in error makes no defense on the merits. He
confessed the conversion of all the checks in question, and
on the trial he made no denial or explanation of this con-
fession. The jury could have reached no other conclusion
than one of guilt had the court compelled the prosecution
to elect on which check it would proceed, and a conviction
on any one of the checks would have been a conviction for
a felony, so we are unable to see how any harm was done
plaintiff in error by this error. Where it can be said from
the record that an error committed on the trial could not
reasonably have affected the result of the trial the judgment
of the trial court should be affirmed. (*People* v. *Cardi-
nelli,* 297 Ill. 116; *Wistrand* v. *People,* 218 id. 323.) This
court has held in a number of cases that harmless error
will not reverse a judgment where the result reached by
such judgment is clearly right, nor will it reverse a judg-
ment because of errors not affecting substantial merits of
the case. *Johnson* v. *People,* 202 Ill. 53.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*