THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. GEORGE PREBLE, Plaintiff in Error.

*Opinion filed February 17, 1925—Rehearing denied April 11, 1925.*

1. CRIMINAL LAW—*particular description of money is not an essential averment in embezzlement.* The particular denominations and descriptions of the money embezzled are not essential averments in an indictment and may be disregarded as surplusage where there is a general charge that sundry current bank bills, Federal reserve notes and greenbacks of divers denominations to the jurors unknown, of the value of over $100,000, were embezzled by the defendant. (*Weimer* v. *People,* 186 Ill. 503, and *Goodhue* v. *People,* 94 id. 37, distinguished.)

2. SAME—*proof complying with section 82 of Criminal Code is sufficient.* On the trial of a bank clerk for embezzling funds of the bank, proof that complies with section 82 of the Criminal Code is sufficient to authorize a conviction.

3. SAME—*bank examiner may testify as to amount of defalcation.* In the prosecution of a bank teller for embezzlement of the funds of the bank, a bank examiner who has examined the books and records of the bank, some of which were in the handwriting of the defendant, and who made a calculation of the amount of the defalcation, may testify as to such fact.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HOSEA W. WELLS, Judge, presiding.

WM. SCOTT STEWART, W. W. O'BRIEN, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, HENRY T. CHACE, JR., and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Plaintiff in error, George Preble, was convicted in the criminal court of Cook county of embezzlement. The indictment consisted of three counts, of which the first charged

larceny as bailee, the second, embezzlement, and the third, common law larceny. A *nolle prosequi* was entered on the third count at the trial. The jury found the plaintiff in error guilty of embezzlement as charged in the second count and that the value of the property taken was $105,500. Motions for a new trial and in arrest of judgment were made and overruled and the plaintiff in error was sentenced to the penitentiary. By this writ of error he seeks a reversal of the judgment.

Plaintiff in error on October 23, 1923, was the paying teller of the West Town State Bank, located at 2352 West Madison street, Chicago. In the performance of his duties he paid out money upon and certified checks drawn by depositors. He had custody of money which came into his hands from other tellers and from the bank's down-town correspondent. He kept sufficient money in the cage occupied by him to conduct the business of the day, and it was his duty at the close of each day's business to put the reserve money in the vault. A paying teller's statement prepared by the plaintiff in error, which is a part of the bank's records, shows that he had on hand at the close of business on October 22, 1923, $153,150.46. Two sheets for October 23, called "teller's sheets," also part of the records, are in his handwriting. By one of these sheets the plaintiff in error charges himself with the $153,150.46 as cash on hand from the previous day. On the other sheet appear the figures 5000, 25,000, 15,000 and 5500, for which he takes credit. A check for $5000 purported to be signed by F. H. Bartholomew, a depositor in the bank, but the check was in the handwriting of the plaintiff in error and Bartholomew had not signed it. There were two certification tickets, one for $25,000 upon a check drawn by Wengler & Mandell, and the other for $15,000 on a check issued by the Grennan Cake Corporation, but neither depositor had drawn the check purported to be certified. The certification numbers on these tickets were in advance of

those reached in the regular course of the bank's business at the time. These three items correspond to three of the figures shown on one of the teller's sheets. The same sheet also shows the plaintiff in error credited with $55,050 for money deposited in the Continental and Commercial National Bank on that day, but no such deposit was made.

Byron G. Graf, the bank examiner representing the State Auditor, came to the bank unexpectedly on October 23, 1923, after banking hours. He saw plaintiff in error come out of the paying teller's cage and go to the front of the bank, and as he passed the examiner plaintiff in error in profane language expressed surprise and disappointment at Graf's arrival. The examiner followed him back to the cage and went inside to count the money. He asked plaintiff in error why he had not balanced up, and the latter replied that "he had slipped off his cash a few days and was trying to find it." They had no further conversation. The plaintiff in error went up-stairs to the Burroughs book-keeper's desk and there examined the account of the Grennan Cake Corporation. He came back to his cage and then returned to the book-keeper and gave her a slip which he asked her to file immediately. In the meantime the examiner had gone to the book-keeper's desk and was present when the slip was filed. He asked for the slip and the book-keeper gave it to him. About five o'clock in the afternoon of the same day plaintiff in error left, and an attempt was made that night by the president of the bank to find him but it was unsuccessful, and plaintiff in error appears not to have returned to the bank after that day. The bank examiner and his assistant spent five days in making an examination of the bank's books. At the trial the examiner testified that from the books and papers which he had examined the plaintiff in error should have had in cash at the close of business on October 23, 1923, $173,667.97; that he did have $68,167.97, and that his shortage was $105,500.

Corroborative evidence of many of the facts and circumstances stated was offered by persons closely connected with the different transactions, including the president of the bank, who had examined the teller's sheets; the assistant auditor of the depository bank, who had knowledge of the deposits made by the West Town State Bank; the Grennan Cake Corporation's book-keeper and the secretary and treasurer of Wengler & Mandell, each of whom had knowledge of the checks issued by his employer; and F. H. Bartholomew, whose name had been forged to a check. No testimony was offered by or on behalf of the plaintiff in error.

The contentions of the plaintiff in error are, (1) that the proof fails to show the embezzlement of money of the kinds and denominations charged in the indictment; and (2) that the testimony of the bank examiner was incompetent and its admission constitutes reversible error.

Section 82 of the Criminal Code provides, among other things, that in prosecutions for the offense of embezzling the bullion, money, notes, bank notes, checks, drafts, bills of exchange, obligations or other securities for money of any bank by a cashier or other officer, clerk, agent or servant of such bank, it shall be sufficient to allege generally in the indictment an embezzlement of funds of such bank to a certain value or amount, without specifying any particulars of such embezzlement, and on the trial evidence may be given of any such embezzlement, and it shall be sufficient to maintain the charge in the indictment if it is proved that any bullion, money, note, bank note, check, draft, bill of exchange or other security for money of such bank, of whatever value or amount, was fraudulently embezzled by such cashier or other officer, clerk, agent or servant. (Smith's Stat. 1923, par. 217, p. 681.) In addition to a specification of the kinds and denominations of money there were general charges in the indictment that sundry current bank bills, Federal Reserve notes and greenbacks of divers denominations to the jurors unknown, of

the value, in all, of $105,500, had been embezzled by the plaintiff in error. Embezzlement is a statutory offense and is governed by the provisions of the statute. (*Kibs* v. *People,* 81 Ill. 599.) The particular denominations and descriptions of the money embezzled are not essential averments in the indictment. (*People* v. *Jasiecki,* 301 Ill. 23; *People* v. *Carpenter,* 315 id. 87.) An averment in an indictment may be treated as surplusage and rejected where it can be stricken out without vitiating the indictment. (*People* v. *Osborne,* 278 Ill. 104.) Great niceties and strictness of pleading should be countenanced and supported only when it is apparent that the defendant may be surprised on the trial or unable to meet the charge or make preparations for his defense for want of greater certainty or particularity. (*People* v. *Cohen,* 303 Ill. 523; *People* v. *Lloyd,* 304 id. 23.) The only purpose in requiring the jury to find the value of the property stolen is to have it properly determined that the property had some value and that the value was either more or less than $15. (*People* v. *Jasiecki, supra.*) While the evidence must be sufficient to prove every essential element of the offense beyond a reasonable doubt, proof that complies with section 82 of the Criminal Code on the charge of embezzlement is sufficient. *People* v. *Slattery,* 312 Ill. 202; *People* v. *Jasiecki, supra.*

The authorities cited by plaintiff in error in support of his first contention are not in point. In *Weimer* v. *People,* 186 Ill. 503, the indictment was for the embezzlement of town money. The defendant received not money but town orders, and there was no evidence that he had embezzled the orders. Likewise in *Goodhue* v. *People,* 94 Ill. 37, the indictment charged the defendant with the embezzlement of money, only, and it was held that evidence showing the larceny or embezzlement of county orders, and not of money, should have been excluded. In neither case did the indictment contain any charge of the embezzlement of orders, securities or property of any kind or character. Embezzle-

ment was not the charge in *Williams* v. *People,* 101 Ill. 382, *Vale* v. *People,* 161 id. 309, and *People* v. *Hunt,* 251 id. 446, and none of those cases was governed by the 82d section of the Criminal Code. An examination of that section will disclose that it is less strict with respect to particularity of allegation and proof than are the statutes under which the three cases last cited arose. Embezzlement often consists of a series of criminal acts committed during a long period of time. The offender entrusted with the custody of money or other property, sometimes changing in character, may long conceal his thefts. The difficulties of detection and prosecution of the offense are inherent, and often proof can only be made in a general way. Hence section 82 of the Criminal Code was enacted.

The testimony of the bank examiner was competent. He was an expert in the examination of the books and records of banks, and work of that character constituted a large, if not a major, part of his official duties. His conclusion was based entirely upon an examination of the books and records of the bank, some of which were in the handwriting of the plaintiff in error. Where original evidence consists of numerous books, documents, papers and records which cannot be conveniently examined in open court and the fact to be proved is the general result of an examination of the whole collection, evidence of such result may be given by any competent person who has examined the originals, provided the result is capable of being ascertained by calculation. *People* v. *Gerold,* 265 Ill. 448; *People* v. *Wulff,* 313 id. 286.

The evidence clearly warranted the jury in finding the plaintiff in error guilty.

There is no reversible error in the record, and the judgment of the criminal court will be affirmed.

*Judgment affirmed.*