(No. 20557.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WAYNE NEVIN, Plaintiff in Error.

*Opinion filed April 23, 1931.*

WALTER T. DAY, and GEORGE W. SPRENGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HUGH GREEN, State's Attorney, MERRILL F. WEHMHOFF, and J. J. NEIGER, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the circuit court of Morgan county of the larceny of a bank draft of the value of $400. He seeks by this writ of error to reverse that judgment.

The record shows that plaintiff in error had an office in Jacksonville. He did a collection agency business and tried

cases before justices of the peace. For some time he held himself out to the public as an attorney at law. The complaining witness, Violette Ross, lived with her father and mother at Beardstown, Illinois. In February, 1929, she called upon plaintiff in error at his office and retained him to obtain for her a divorce from her husband, George T. Ross, an attorney in Kentucky. Plaintiff in error made several trips to Kentucky, expenses of which were paid by the father of Violette Ross. On the last trip Mrs. Ross, her brother and a friend accompanied him. At this time a contract was signed between Violette Ross and her husband, in and by which it was agreed that $1000 then paid to her, and a further sum of $2500 when either should obtain a divorce, were to be in full of her marital property rights. After the deduction of the fees of her counsel in Kentucky and the sum of $75 cash given her, she was given a bank draft for $400, payable to her order. Some weeks thereafter she returned to Illinois, took the bank draft to plaintiff in error at his office, and, as she testified, requested him to deposit same in a bank in Jacksonville in the name of her father, R. A. Howard, of Beardstown. Plaintiff in error, however, deposited the draft to his own account and later checked it out in small amounts to meet his own personal obligations and uses. The evidence showed that subsequent to the date of the deposit of the draft in question and up to the time when his account at the bank was closed, plaintiff in error made no further deposits in his account in said bank.

Plaintiff in error's defense was that he gave complaining witness a duplicate certificate of deposit which showed the money to have been deposited in his name and that he told her it would take probably a week before the draft was cleared and he could get the money; that he immediately went to Minnesota and to towns in Illinois on business, communicating such facts to plaintiff in error from time to time by wire and letter; that he had a physical breakdown

and was compelled to be in the hospital, and that he was arrested before he was discharged from the hospital. He testified that he had the money for complaining witness in a Springfield bank awaiting her direction. The testimony of complaining witness and Anna Belle Drury, an employee of plaintiff in error at the time of the transaction and who took the draft to the bank, was that complaining witness directed plaintiff in error to deposit the draft in a bank to the credit of complaining witness' father. This testimony is denied by plaintiff in error.

A motion was made for a change of venue, supported by numerous affidavits, which motion was resisted by the People, such resistance being supported by many affidavits stating that plaintiff in error would receive a fair trial in Morgan county. This motion was denied. A motion was also made to exclude from participation in the prosecution certain attorneys employed to assist the State's attorney. This motion also was denied. The jury returned a verdict of guilty.

It is first urged as ground for reversal of the judgment that the trial court erred in denying the motion for change of venue. Counsel concede that such a motion is addressed to the sound discretion of the trial court, but argue that the trial court could not know the undercurrent of feeling of prejudice against plaintiff in error in the county. The affidavits in support of the motion for change of venue are not abstracted. There is nothing in the record to show that plaintiff in error exhausted his peremptory challenges or that he was compelled to take any juror who had any knowledge of the case or prejudice against plaintiff in error. The record does not present such a case as shows an abuse of discretion by the trial court. *People* v. *Fricker,* 320 Ill. 495.

Plaintiff in error next insists that the court erred in denying his motion to exclude counsel employed to assist the prosecutor. There is nothing in the record to show that counsel for plaintiff in error were overmatched. He was

represented on the trial by three competent attorneys. This contention is without merit.

Counsel next argue that the sole question in the case was one of intent, and that as plaintiff in error testified that he had no intention to deprive the complaining witness of her money there is a lack of proof of intent. The testimony of the complaining witness and Anna Belle Drury was that plaintiff in error's instructions were to deposit the draft in a bank in Jacksonville to the credit of complaining witness' father, R. A. Howard. If that testimony was true, plaintiff in error, without the consent of the complaining witness, deposited same to his own account and then checked out the same in small amounts to different people. That question of fact was for the jury. It is contradicted by plaintiff in error, but neither the testimony of witnesses nor his admitted conduct concerning the proceeds of the draft corroborates him. The deposit of the draft in the bank to his own credit, contrary to specific instruction to do otherwise, was a fraudulent conversion of it to his own use. (*People* v. *Jasiecki*, 301 Ill. 23.) Intention to restore the proceeds of the draft cannot do away with the criminal nature of the transaction. Guilty intent is necessarily to be inferred from the voluntary deposit of the draft to plaintiff in error's bank account contrary to instructions. This act was a conversion of the draft. Whether plaintiff in error intended that Violette Ross should not eventually lose the $400 is immaterial. No hope or expectation of replacing property so converted can be admitted as an excuse before the law. *Spalding* v. *People,* 172 Ill. 40; *Commonwealth* v. *Tenney,* 97 Mass. 50; *Commonwealth* v. *Butterick,* 100 id. 1.

Counsel for plaintiff in error next insist that it was error to admit the ledger sheet of the bank showing the deposit of this draft by plaintiff in error and withdrawals from his account. The argument is that the bank ledger did not prove the conversion of the draft but merely proved that

plaintiff in error did not have the identical $400 in that bank and that the money in the bank in plaintiff in error's account was not the property of Violette Ross but was his property. No question is made of the identification of the ledger sheet. It showed what funds were deposited and what withdrawn from June 4, 1929, to the closing of the account some months later. Plaintiff in error testified that he made no deposits in that account after June 4, 1929, the date of depositing the draft. The record shows that by June 21, 1929, he had withdrawn all funds in the account, including the $400. Counsel argue that the admission of this evidence gave the jury to understand that the accused must retain the $400 on deposit in that identical bank at all times and return it from that identical draft or deposit account. The indictment charged plaintiff in error in the first and third counts with larceny as bailee, the second and fourth counts with embezzlement. The deposit of the draft to plaintiff in error's own account, contrary to the instructions of the owner of the draft, constituted the conversion of the draft when that deposit took place. The ledger sheet was competent to show that he deposited the draft in his own name and his withdrawals of the proceeds of it. Plaintiff in error testified that he had $400 in a bank in Springfield ready to pay to complaining witness at any time. The bank ledger sheet introduced in rebuttal showed a deposit of $400 by plaintiff in error to his own credit in the Jacksonville bank and that it was not drawn out in a like sum but was checked out to different persons in small amounts from time to time, covering a period of several weeks. The ledger sheet was competent to prove the condition from time to time of plaintiff in error's account in the bank.

Plaintiff in error next insists that the court erred in giving the People's sixth instruction, defining larceny in the words of the statute, and in refusing to give plaintiff in error's twenty-sixth instruction, advising the jury that it was not incumbent upon defendant to return to the com-

plaining witness the identical proceeds of the draft but same could be returned from any lawful money in an amount equal to the face value of the draft. We find no error either in giving or refusing to give instructions.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*