(No. 23139

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY SHELTON, Plaintiff in Error.

*Opinion filed October 24, 1935.*

HAROLD J. BANDY, for plaintiff in error.

OTTO KERNER, Attorney General, HUGH V. MURRAY, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Roy Shelton was indicted in the circuit court of Clinton county with Vaughn Holman and Edgar Mendenhall. One indictment charged them with robbery while armed. The other two charged that they kidnapped Gilbert Schilling and Lila Rohr, respectively. Holman and Mendenhall entered pleas of guilty. Shelton was found guilty by a jury on all three charges. The three cases were tried together, and on July 12, 1933, he was sentenced in each of the kidnapping cases to serve one year and to serve from one year to life for robbery. The sentences ran concurrently. The record was filed in this court on May 15, 1935, at which time Shelton had served both sentences for kidnapping.

The People have filed a motion to dismiss this writ of error because (1) the transcript and abstract of the record include three separate and distinct cases; (2) the assignment of errors is based upon the records of all three cases; and (3) only one writ of error was sued out and only one *scire facias* was served on defendant in error. This motion is overruled for the reason that only one case remained to be reviewed when the writ of error was issued. No *supersedeas* was asked for or granted, and Shelton is

in prison now only by reason of the judgment of conviction for robbery.

The testimony shows that on December 20, 1932, at about 10:30 o'clock P. M., complaining witnesses Gilbert Schilling and Lila Hauskins, formerly Lila Rohr, were seated in Schilling's Ford coupe beside the public highway at a point near the fish hatchery, immediately east of Carlyle. Three men held them up. One of the men had a gun. They were forced to get into another automobile with two of the men and were driven east on Route 12 to a school house about two miles west of Salem. The third robber followed in Schilling's car. Two of the men took Schilling into the school house and bound him to a chair. Holman got into the automobile with Lila Hauskins. Shelton came out of the school house and sat in the same seat of the car with Lila Hauskins for half an hour. He and Holman then took her into the school house and tied her hands. She and Schilling were ordered to remain there all night. The robbers left about 1:00 o'clock in the morning with Schilling's car.

In contending that Shelton was not proved guilty beyond a reasonable doubt his counsel insists that Schilling's testimony identifying Shelton as one of the robbers is of little or no value because Schilling swore to a complaint on January 27, 1933, in which he named as his assailants "Ed Mendenhall and Leeper and Von Holten," and because on February 2, 1933, he named them in another complaint as "Edward Mendenhall, Vaughn Hoelman and Dillard Leeper." It is also pointed out that when Mendenhall and Holman were called as witnesses of the court they denied that Shelton participated in the robbery and kidnapping. They testified that one Roy Browning, whom they also variously called Roy Brown and John and Gene Browning, was the third robber. Prior to the trial both Mendenhall and Holman had signed statements, in the first of which they named Dillard Leeper as the third robber.

In a second set of signed statements they said the third robber was Roy Shelton.

On cross-examination Schilling was asked to explain why he first charged the robbery to Mendenhall, Holman and Leeper and later substituted Shelton for Leeper. He said (and it is not disputed) that Leeper had confessed the crime, but that when Shelton was arrested and brought to Carlyle they identified him as the man who had the gun and who sat in the back seat of the car in which Schilling and Miss Hauskins were driven to the school house. In his cross-examination by the State's attorney Holman said Leeper told him in the jail at Carlyle that Leeper "would take the rap for Brown." The jury saw and heard the witnesses and had the duty to determine their credibility. The law does not permit a reviewing court to lightly set aside their verdict. The testimony of these self-confessed robbers is at variance with their earlier sworn statements. Both Schilling and Miss Hauskins positively identified Shelton as one of the three robbers. The arrest of Leeper at Carruthersville, Missouri, and his confession, explain why Schilling named him in the complaints. No attack is made upon the credibility of Miss Hauskins. No effort was made to support the testimony of Holman and Mendenhall that Roy Browning was the third robber. In spite of the fact that Leeper, who had confessed that he was the third robber, was present at the trial, both Mendenhall and Holman testified, contrary to their written statements, that Browning was the third robber.

Counsel complains that during the trial the State's attorney made the remark, "Shelton was here." The record shows that this remark was in answer to the objection that Shelton was not present at the time covered by the question objected to. The witness Mendenhall replied in the affirmative when he was asked immediately thereafter whether Shelton was present at the time in question. The remark was, therefore, not prejudicial to the defendant.

Shelton complains of the cross-examination of Mendenhall and Holman. In answer to the court's brief questions both had testified that Shelton was not the third robber. Each had signed and sworn to statements which were in conflict with their testimony that Brown (or Browning) was the third robber. It was proper to show that they had made the written statements which contradicted their oral testimony. It must be remembered that they were not the People's witnesses. The trial court did not abuse its discretion by permitting the cross-examination of these two witnesses disclosed by this record.

It is contended that the State's attorney made improper remarks in his argument to the jury. The remarks complained of called attention to the statement of one of the attorneys for the defendant to the effect that the State's attorney should prosecute where he considers that the defendant ought to be prosecuted but that it is his duty not to prosecute when he thinks otherwise. In answer to this the State's attorney called the attention of the jury to the fact that he had *nolled* a case the day before but that he was not taking that action in the case on trial. The complaint is that this was, in effect, the expression by the State's attorney of the opinion that the accused was guilty, and that it was equivalent to testimony. These remarks could have been omitted, but they do not require a reversal of this judgment. Aside from the fact that they evidently were made in answer to an argument equally as unnecessary, they are not an expression of an opinion as to the guilt of the accused and do not constitute an effort on the part of the State's attorney to testify in the case.

The guilt of Shelton was established beyond a reasonable doubt, and we find no error which would require or warrant a reversal of the judgment of conviction. The judgment of the circuit court of Clinton county is therefore affirmed.

*Judgment affirmed.*