(No. 24217)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUCILLE MOORE, Plaintiff in Error.

*Opinion filed April 15, 1938.*

LINDAUER & LINDAUER, and A. B. DAVIS, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Attorney, A. B. DENNIS, and R. V. GUSTIN, for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Lucille Moore and Richard Shaw, both colored persons, for some years had lived together as husband and wife in East St. Louis. On January 30, 1937, she shot and killed Shaw, while he was gambling, because of his alleged refusal to give her money. A jury in the city court of East St. Louis found her guilty of murder and sentenced her to imprisonment for ninety-nine years. She seeks reversal by writ of error.

The first error assigned is an attack upon the legal sufficiency of the indictment. The essential portion thereof necessary for a proper understanding of the alleged error follows: "That Lucille Moore, * * * in and upon the body of one Richard Shaw, * * * did then and there make an assault; and that the said Lucille Moore * * *, a certain revolver, * * * which said revolver she, the said Lucille Moore, * * * did discharge and shoot off, to, against and upon the said Lucille Moore, * * * then

and there &ast; &ast; &ast; did wound &ast; &ast; &ast; Richard Shaw, &ast; &ast; &ast; giving him, the said Richard Shaw, &ast; &ast; &ast; one mortal wound, &ast; &ast; &ast; of which said mortal wound he, the said Richard Shaw, &ast; &ast; &ast; died."

The sufficiency of the remaining phraseology of the indictment is not questioned. Defendant, because she is charged with shooting herself, declares she should have her case reversed without remandment, because prosecution for a crime cannot be founded upon an indictment which does not charge one. It is true that an indictment must allege all facts necessary to constitute the crime charged and must do so with sufficient certainty. (*People* v. *Trumbley,* 252 Ill. 29.) If it does not do so, a conviction thereunder will not be sustained. (*People* v. *Snyder,* 279 Ill. 435; *People* v. *Stoyan,* 280 id. 300; *People* v. *Picard,* 284 id. 588.) The Criminal Code declares an indictment shall be sufficiently technical and correct when it states the offense, either in the language of the statute creating the offense, or so plainly that the nature thereof can be easily understood by the jury. (State Bar Stat. 1935, chap. 38, par. 740; Smith-Hurd Stat. 1935, chap. 38, par. 716.) An indictment is specific enough if it notifies the defendant of the charge he must meet, so he may prepare his defense. (*People* v. *Green,* 362 Ill. 171.) A variance will not be regarded as material in an indictment unless of such substantial nature as to mislead the accused in making his defense, or expose him to a second jeopardy for the same offense. (*People* v. *Schnepp,* 362 Ill. 495; *People* v. *Boneau,* 327 id. 194.) Where the charge is murder by shooting, the indictment will be legally sufficient if it charges the defendant on a certain day unlawfully and with malice aforethought, did kill the victim by shooting. (*People* v. *Corder,* 306 Ill. 264.) An averment in an indictment may be treated as surplusage, and rejected, if it can be stricken out without vitiating the indictment, where the remaining averments are sufficient to inform the jury and the defendant

of the nature of the charge. *People* v. *Corder, supra; People* v. *Saltis,* 328 Ill. 494; *People* v. *Wood,* 318 id. 388.

Leaving out of consideration that portion wherein defendant is charged with shooting herself, the indictment charges: "That Lucille Moore, * * * in and upon the body of Richard Shaw, * * * did then and there make an assault; and that the said Lucille Moore * * *, a certain revolver, * * * which said revolver she, the said Lucille Moore, * * * did discharge and shoot off, * * * then and there * * * did wound * * * Richard Shaw, * * * giving him, the said Richard Shaw, * * • * one mortal wound, * * * of which said mortal wound he, the said Richard Shaw, * * * died." While the indictment was carelessly drawn, it is not fatally defective under the rules announced in the above cited cases. When the erroneous part is omitted, the remainder clearly charges that defendant killed Richard Shaw on the thirtieth day of January, 1937, by shooting. It further appears that no motion to quash the indictment was ever presented to the trial court, (*People* v. *Pamilio,* 359 Ill. 609,) nor was objection taken to the same in the motion for a new trial or the motion in arrest of judgment.

The contention that the trial court erred in overruling the defendant's motion for continuance finds no support in the law, as applied to the facts of this case. The shooting occurred January 30, the indictment was returned February 12, defendant was arraigned February 16 and the case was called for trial on March 3. The record fails to disclose any such unusual circumstance as would make the refusal of additional time either unreasonable or prejudicial. (*People* v. *VanNorman,* 364 Ill. 28.) It is only where the trial court has abused its discretion in denying a reasonable time for the preparation of the defense, that a court of review will interfere with the trial court's action in denying a motion for a continuance. (*People* v. *Celmars,* 332 Ill. 113.) We have uniformly held that the rul-

ing on a motion for continuance is a matter resting in the sound judicial discretion of the trial court and will not be disturbed, on review, unless it is shown that the discretion has been abused. *People* v. *Storer,* 329 Ill. 536.

Exception is taken to the action of the trial court in refusing to admit certain evidence offered in behalf of defendant. After the People had rested, counsel for defendant offered testimony to prove that Shaw had threatened, abused and mistreated her. Objection to the admission of this evidence was made by the People, out of the presence of the jury, because there was no element of self-defense involved in the killing. This objection was properly sustained by the trial court. Five witnesses who were with Shaw at the time he was shot all testified that he was sitting down, and there was no claim made during the trial that he had any weapon in his possession. Defendant admitted that she did not know whether Shaw's hands were on the table or not. No evidence is to be found in the record that Shaw was the assailant, nor was any competent testimony offered tending to show that the shooting was done in self-defense. Proof of threats by or the vicious character of deceased is properly denied admission in evidence unless there is evidence to show that deceased was the assailant. *People* v. *Terrell,* 262 Ill. 138.

It is urged that the trial court erred in giving People's instruction number 6 to the jury. This instruction was as follows: "In considering the case the jury are not to go beyond the evidence to hunt up doubts, nor must they entertain such doubts as are merely imaginary. A doubt, to justify an acquittal, must be reasonable, and it must rise from a candid and impartial investigation of all the evidence in the case. And if, after considering all the evidence, you can say you have an abiding conviction, to a moral certainty of the truth of the charge, then you are satisfied beyond a reasonable doubt, and your verdict should be 'Guilty.' " This instruction does not define the mean-

ing of the words "reasonable doubt," as claimed by defendant, nor does it incorrectly state any principle of law. Instruction number 11 given for defendant told the jury that it was not necessary to establish guilt with absolute certainty but only to a moral certainty and that if, after considering the evidence and the law, "there arises in your mind, spontaneously and naturally, without being sought after, an uncertainty concerning the guilt or innocence of the defendant, which uncertainty is of the weight and quality that, if interposed in any of the graver transactions of life, it would check your final judgment causing you to pause and hesitate, then such uncertainty amounts to a reasonable doubt." In view of defendant's instruction number 11, no criticism can properly be directed at People's instruction number 6, especially since the two instructions must be considered as part of the same series.

Failure of the trial court to give two instructions authorizing the jury to find defendant guilty of manslaughter is also criticized. This action was not erroneous, as all the eye-witnesses who testified to the killing of Shaw, excepting the defendant, said that he was shot while sitting at a card-table and at a time when he had made no threats or used any abusive language toward defendant. It is true, where the evidence is such that a jury might reduce the crime to manslaughter, an instruction on manslaughter should be submitted, (*People* v. *Bacon,* 293 Ill. 210,) but it is equally true that, where the evidence clearly demonstrates that the killing was murder, an instruction authorizing manslaughter is erroneous. (*People* v. *Grant,* 313 Ill. 69; *People* v. *Hauke,* 335 id. 217; *People* v. *Payne,* 359 id. 246.) No error was committed in refusing the manslaughter instruction where, as here, the evidence admits of only one conclusion. *People* v. *Tokoly,* 313 Ill. 177.

We have examined, and find no error in, the remaining objections to argumentative and prejudicial instructions, or that the trial court erred in overruling motions for a new

trial and in arrest of judgment and in rendering judgment on the verdict. The evidence conclusively shows that defendant, carrying a revolver in her handbag, entered the place where Shaw was gambling and shot him. Her guilt was thoroughly established and it is not denied. No element of self-defense was shown, and no errors of law are presented which would justify a reversal.

The judgment is affirmed.

*Judgment affirmed.*