574

(No. 31362

The People of the State of Illinois, Defendant in Error, vs. Earl Williams, Plaintiff in Error.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

Earl Williams, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and Albert W. Hall, State's Attorney, of Jacksonville, (William T. Wilson, of Jacksonville, and Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

On June 17, 1946, plaintiff in error was indicted in the circuit court of Morgan County for the crime of murder, and counsel was appointed to defend him. Thereafter he executed a jury waiver, entered a plea of guilty, and was convicted and sentenced to the penitentiary for life. He prosecutes this writ of error, seeking a reversal on the ground that the indictment is insufficient.

The indictment is in two counts, the first of which charges that plaintiff in error, on December 30, 1944, at and in the county of Morgan in the State of Illinois, "unlawfully, wilfully and feloniously, with malice afore-

thought, did assault and then and there unlawfully, wilfully and feloniously, with malice aforethought, did shoot one J. C. Lair, a human being, in the peace of the people then and there being, with a certain loaded revolver, then and there held in his hand, and did then and there give the said J: C. Lair a mortal wound in the neck, of which said mortal wound the said J. C. Lair languished a short time, and then, on the 31st day of December, in the year of our Lord One Thousand Nine Hundred and Forty Four, then and there died, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois." The second count charged that plaintiff in error on December 30, 1944, at and in the county of Morgan in the State of Illinois, "in and upon one J. C. Lair, a human being, then and there in the peace of the people being, unlawfully, feloniously and of his malice aforethought, did then and there make an assault, and that the said Earl Williams, a certain revolver, then and there loaded and charged with gun powder and leaden bullets, then and there unlawfully, feloniously and of his malice aforethought, did discharge and shoot off, to, against and upon the said J. C. Lair, and that the said Earl Williams, with one of the leaden bullets aforesaid, out of the revolver aforesaid, then and there by force of the gun powder aforesaid, by the said Earl Williams discharged and shot off as aforesaid, the said J. C. Lair, then and there unlawfully, feloniously, and of his malice aforethought, did strike, penetrate and wound, giving the said J. C. Lair, then and there with the leaden bullet aforesaid, so shot, discharged and sent forth out of the revolver aforesaid by the said Earl Williams, a mortal wound, of which said mortal wound the said J. C. Lair languished a short time, and then, on the 31st day of December, in the year of our Lord One Thousand Nine Hundred and Forty-four, and there died."

Plaintiff in error contends this indictment fails to charge any crime, that it merely charges him with having shot a person, who died thereafter, and that because it omits the words "did kill and murder" it does not constitute an accusation.  There is no merit in the contention. The indictment clearly avers that plaintiff in error, unlawfully and with malice aforethought, shot one J. C. Lair, thereby inflicting a mortal wound of which he died. To inflict on another a wound of which he dies is to kill him.  To do so unlawfully and with malice aforethought is to murder him.  The words "kill" and "murder" are not necessary in an indictment for murder, if by other language the acts themselves are clearly alleged.

Contrary to the argument of plaintiff in error, the indictment does not allege only that he shot a person who thereafter died, but alleges further that the death was the result of the wound inflicted by the shot.  The language used adequately avers that the mortal wound of which deceased died was the mortal wound inflicted by plaintiff in error.  See *People* v. *Corder,* 306 Ill. 264, 270-271.

It is provided by statute that every indictment "shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." (Ill. Rev. Stat. 1945, chap. 38, par. 716.)  While it is true that a conviction cannot be sustained where the indictment fails to allege with sufficient certainty all facts necessary to constitute the crime charged, the present indictment distinctly sets forth the crime of which plaintiff in error was convicted, and did not mislead him and his counsel in any respect.  An indictment is specific enough if it notifies the defendant of the charge he must meet, so that he may prepare his defense. *People* v. *Moore,* 368 Ill. 455.

We find no reversible error in the record, and the judgment is accordingly affirmed.            *Judgment affirmed.*