People of the State of Illinois, Plaintiff in Error, v. Patrick J. Sullivan, Jr. (Impleaded) Defendant in Error.

Gen. No. 47,704.

First District, Third Division.

March 29, 1961.

 

Benjamin S. Adamowski, State's Attorney, of Cook county (Francis X. Riley and John T. Gallagher, Assistant State's Attorneys, of counsel) for plaintiff in error.

George F. Callaghan, of Chicago, for defendant in error.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The Criminal Court of Cook County quashed two indictments on the motion of Patrick J. Sullivan, Jr. The People have sued out a writ of error to enable this court to review the judgments.

Each of the two indictments is in four counts. Count one of indictment 57–3106, after the usual formal allegations, states:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that on the first day of August in the year of our Lord one thousand nine hundred and fifty six, in said County of Cook, in the State of Illinois aforesaid, said Ernest Peterson and said Patrick J. Sullivan, Junior, well knowing the premises, then and there unlawfully, wilfully, fraudulently and deceitfully conspired, combined, confederated and agreed together with each other and with divers other persons whose names are unknown to said Grand Jurors, with the fraudulent and malicious intent unlawfully, wilfully, deceitfully, wrongfully and wickedly to cheat and defraud said County of Cook, a body politic and corporate, of a large sum of money, to wit: one hundred and eleven thousand one hundred forty one dollars and two cents in good and lawful money of the United States of America, of the value of one hundred and eleven thousand one hundred forty one dollars and two cents, the money and personal property of said County of Cook. . . ."

Then follows a further allegation that Peterson and Sullivan, in order to effect the object of the conspiracy, wilfully did certain overt acts, which were the presentation of certain fraudulent instruments purporting to be requisitions on the treasurer of Cook County for the payment of money out of a special fund of the said treasurer.

Count two, after the formal allegations, alleges that Peterson and Sullivan on August 1, 1956 in the said county and state, "unlawfully, wilfully, fraudulently and deceitfully did conspire, combine, confederate and

481

agree together with each other and with divers other persons whose names are unknown to said Grand Jurors with the fraudulent and malicious intent unlawfully, designedly, wrongfully and wickedly to obtain one hundred eleven thousand one hundred forty one dollars and two cents in good and lawful money of the United States of America, of the value of one hundred eleven thousand one hundred forty one dollars and two cents the personal goods, money and property of County of Cook, a body politic and corporate from said County of Cook by false pretenses, and to cheat and defraud said County of Cook of the same. . . ."

Count three contains the same recitals as count two, except that the $111,141.02, the personal property of the County of Cook, was alleged to have been obtained from the said County of Cook by means and use of the confidence game.

Count four is in substance the same as count one, except that it does not allege any overt acts.

Indictment 57–3107 also consisted of four counts, containing the identical recitals which appear in the respective four counts of indictment 57–3106, except that in each count of indictment 57–3107 the additional charge is made that Sullivan and Peterson "and other persons (whose names are unknown to the Grand Jurors)" conspired, etc.

The defendant in error in this court urges that the indictments or the counts thereof fail to charge a crime, that the respective counts of each indictment contain a multiplicity of charges, allegations of which were repugnant to each other and unintelligible, so that he was unable to properly prepare for trial and to defend the charges. The defendant in error, in order to sustain the judgments of the trial court in quashing the indictments, makes his principal attack on counts one and four of the two indictments.

Paragraph 140 of chapter 38 of the Illinois Revised Statutes (Criminal Code) provides, insofar as is material here, that if two or more persons conspire to commit any offense against any county of the State of Illinois or to defraud any such county in any manner, or for any purpose, and "one or more of such parties, do any act to effect [affect] the object of the conspiracy," all parties to such conspiracy shall be liable etc. An indictment under that section requires the allegation of an overt act. In the portion of count one of the indictment setting out the alleged overt acts it is stated that Peterson and Sullivan "did then and there unlawfully, falsely, fraudulently and wilfully prepare, execute and submit to said Herbert C. Paschen, duly elected and authorized Treasurer of Cook County, and before him, one William Brenza, the duly elected and authorized Treasurer of Cook County prior to December one thousand nine hundred and fifty four, and more particularly to one William Prather, the duly appointed and acting cashier of said Treasurer of Cook County, on the first day of August in the year of our Lord one thousand nine hundred and fifty six false and fraudulent written instruments" etc.

■■ The defendant in error argues that since the conspiracy is charged to have come into existence August 1, 1956, and since it is necessary that the conspiracy or agreement charged and which is the gist of the offense must have been in existence at the time of the commission of the overt act, the allegation is insufficient inasmuch as it refers to a former treasurer of Cook County who was in office prior to December, 1954, before the date when it was alleged that the parties entered into a conspiracy. It is well established that where an allegation is not a material part of the indictment it may be treated as surplusage. 21 I. L. P.

Indictments and Informations, sec. 58; People v. Moore, 368 Ill. 455, 14 N.E.2d 494; People v. Preble, 316 Ill. 233, 147 N. E. 124; Uzzell v. The People, 173 Ill. App. 257, 262. The statement with reference to Brenza is not material. If that portion of count one is treated as surplusage the overt acts stated are sufficient to sustain the count.

The defendant in error also objects to count four of the indictment, which is, as the People say in their brief, a "succinct restatement of Counts 1." The objection raised is that it is impossible under the wording of the indictment to determine whether the charge of conspiracy is brought under paragraph 139 or paragraph 140 of Chapter 38 of the Illinois Revised Statutes. Paragraph 139 provides that if two or more persons conspire or agree together "to obtain money or other property by false pretenses" they shall be penalized by a fine not exceeding $2,000 or imprisonment in the county jail for a term not to exceed one year, or imprisonment in the penitentiary for a term of not less than one year and not exceeding five years. In paragraph 140 there is a proviso that the Act shall not be construed to modify or repeal any other law in force in the State. The penalties provided by the statutes differ, and in paragraph 140 an allegation of an overt act is required. In count four it is alleged that Peterson and Sullivan "unlawfully, wilfully, fraudulently and deceitfully conspired, combined, confederated and agreed together with each other and with divers other persons whose names are unknown to said Grand Jurors, with the fraudulent and malicious intent, unlawfully, wilfully, deceitfully, wrongfully and wickedly to cheat and defraud the said County of Cook of a large amount of money, to wit: one hundred and eleven thousand one hundred forty one dollars and two cents, by unlawfully, wilfully, knowingly and deceitfully making and causing to be made false and fraudu-

484

lent written instruments purporting to be check requisitions of the said Treasurer of Cook County . . . ." Then follow allegations further characterizing the purposes of the conspiracy. Paragraph 139 provides that when two or more persons conspire together with "the fraudulent or malicious intent . . . to obtain money or other property by false pretenses," they shall be guilty of a conspiracy, and it is contended that the indictment does not follow the wording of the statute.

██ ██ In our opinion the indictment in substance follows the statutory language. An indictment is sufficient if it states specifically the elements of the offense with sufficient particularity to apprise the accused of the crime charged and enable him to prepare his defense and if the nature of the offense charged can be easily understood by the jury and the indictment is sufficiently certain to protect the accused from further prosecution for the same offense. 21 I. L. P. Indictments and Informations, sec. 44. In People v. Schnepp, 362 Ill. 495, 501, 200 N.E. 338, the court says:

> "Where the meaning of an indictment is plain, faulty grammar, wrong spelling, defective rhetoric or an error in punctuation, do not render it insufficient. (People v. Kargula, 285 Ill. 478.) Great niceties and strictness of pleading are countenanced and supported only where a defendant would be otherwise surprised on the trial, or unable to meet the charge or prepare his defense. People v. Donaldson, 341 Ill. 369; People v. Cohen, 303 id. 523."

██ Where an indictment states facts which fall within several statutory prohibitions, it is not required that the State in the indictment itself designate under which statute the indictment is laid. See People v. Crosson, 30 Ill.App.2d 57, opinion filed this day, and People v. Gill, 30 Ill.App.2d 32, opinion filed

485

March 22, 1961. The statements in the fourth count with reference to the acts of the defendant in error do not allege the doing of an overt act; nevertheless the elements of the conspiracy are sufficiently set out in the count to make it good under paragraph 139.

The defendant in error also makes the same contention with reference to count two of the indictments. In that count it is alleged that the defendant in error entered into a conspiracy "with the fraudulent and malicious intent unlawfully, designedly, wrongfully and wickedly to obtain one hundred eleven thousand one hundred forty one dollars and two cents in good and lawful money of the United States of America, of the value of one hundred eleven thousand one hundred forty one dollars and two cents the personal goods, money and property of County of Cook, a body politic and corporate from said County of Cook by false pretenses, and to cheat and defraud said County of Cook of the same. . . ." The count states no overt act; consequently it must have been brought under paragraph 139, and the defendant in error contends that it is faulty inasmuch as it does not follow the wording of the statute. We have reached the same conclusion as to this count as we have with reference to the same objection discussed with reference to count four. The count sufficiently alleges a crime under paragraph 139.

Count three of the indictment contains the same recitals as is contained in count two, except it is alleged that the $111,141.02, the personal property of the County of Cook, etc. was obtained from the said County of Cook by means and by use of the confidence game, contrary to the statute etc. In our opinion the count is sufficient, and on oral argument the defendant in error withdrew his objections to that count.

It is true that the indictment should have been more carefully drawn. However, the charges set forth are

486

not repugnant, nor are they unintelligible. They sufficiently apprise the defendant in error of the charges which he was to meet.

■ It is also true that the writ of error should not have included the separate judgments which were rendered on each of the indictments. The defendant in error made no motion to dismiss the writ of error. He filed a brief in the case, and in his brief made no reference to the fact that the writ of error improperly joined more than one judgment. After the case was at issue the court on its own motion called the attention of the parties to the condition of the record. Afterward, and before oral argument of the case, the defendant in error moved to dismiss the writ of error. That motion was denied. While we cannot approve the *modus operandi* of the People in bringing the judgments before the court, nevertheless, under the circumstances, we believe that the motion to dismiss was properly denied under the rule laid down in People v. De Cola, 15 Ill.2d 527, 155 N.E.2d 622, where it was sought by a single writ of error to reverse judgments of conviction in three cases, and the court says:

> "Orthodox procedure permits only the judgment in a single case to be reviewed upon a single writ of error. An attempt to review unrelated criminal cases upon a single writ of error was sternly rebuffed in People v. Mahan, 329 Ill. 217. The same view was reiterated in People v. Shelton, 361 Ill. 477, although it was not necessary to apply it in that case. On the other hand, in People v. Jennings, 11 Ill.2d 610, we considered both the prisoner's judgment of conviction and the judgment in his post-conviction case upon a single writ of error.
>
> ". . . In the present cases there is a single defendant and a single issue. If the three judgments were before the court upon separate writs of error,

efficient and economical judicial administration would dictate that they be consolidated for hearing and disposition. . . . No useful purpose would be served by requiring that the same records that are now before the court in all three cases be brought here again in another form. For these reasons, and without intending to indicate a general relaxation of the usual rule, we have decided to consider the three cases on this writ of error."

The judgments of the Criminal Court of Cook County are reversed and the causes are remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

SCHWARTZ, P. J. and DEMPSEY, J., concur.