(No. 29325.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD CATCOTT, Plaintiff in Error.

*Opinion filed May 21, 1946.*

DONALD CATCOTT, *pro se.*

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (ROBERT R. CANFIELD, of Rockford, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error entered a plea of guilty in the circuit court of Winnebago county to an indictment which charged embezzlement. On November 18, 1943, he was released on probation to the probation officer of the court for a period of two years. The order was in the usual form and directed that the cause stand continued for two years subject that plaintiff in error should appear before the court at such times as the court should direct. On February 13, 1945, plaintiff in error was before the court and another order was entered which suspended the order of probation to determine whether plaintiff in error was acceptable to the Army for induction into the armed forces of the United States. It also provided, that, if accepted, the order suspending the previous order of probation should continue for the period for which plaintiff in error was engaged in the armed forces. On March 22, 1945, the State's Attorney moved to vacate the order of February

13, 1945, suspending the order of probation. On said date, an order was entered which found that plaintiff in error had been called by the Selective Service Board and rejected for military service. Thereupon it was ordered that the order of February 13, 1945, suspending probation, be vacated, and that the original order of probation (November 18, 1943,) be in full force and effect.

On May 28, 1945, a sworn petition of the State's Attorney charged that plaintiff in error had burglarized a shop and stolen property therefrom. The prayer was that his probation be terminated. The following day, an order was entered declaring the probation at an end, and thereupon defendant was sentenced to the penitentiary for the crime of embezzlement. The judgment provided that he should serve not less than two nor more than seven years.

Plaintiff in error appears *pro se* and submits the record, which includes the common-law record and the motions, petitions and orders entered in reference to the probation. He contends that the indictment does not charge conversion or appropriation of the money to his own use. The allegation of the indictment is that plaintiff in error was a servant of William V. Morris, and that he did unlawfully embezzle the funds of Morris. Webster's New International Dictionary defines embezzle "to appropriate fraudulently to one's own use, as property entrusted to one's care." The word "embezzle" as used in the indictment meant the same as an allegation of fraudulent conversion to his own use. The objection is without merit.

Plaintiff in error further contends that by reason of the several probationary orders, the court lost jurisdiction and that the judgment committing him to the penitentiary is void. The judgment of commitment is a part of the common-law record and this court has jurisdiction on this writ of error to determine whether the judgment is void. Plaintiff in error's argument is limited to the question of validity of the judgment. It should be noted that in taking

jurisdiction for this question, we are not reviewing the orders pertaining to the probationary matters. Whether the facts warranted the entry of the order of February 13, 1945, suspending probation, and the later order reinstating the order of probation, are matters that cannot be reviewed by this court. Section 15 of the Probation Act (Ill. Rev. Stat. 1945, chap. 38, par. 798,) directs that a defendant who shall have successfully invoked the provisions of the Probation Act may review any order changing, modifying or terminating the probation period and directs that the Appellate Courts of the State are given final jurisdiction of such appeals. *People* v. *Kuduk,* 388 Ill. 248.

The question on this review is restricted to the single point as to whether the circuit court's jurisdiction over defendant of the crime for which he pleaded guilty was lost by reason of the suspension of the order of probation entered February 13, 1945. Section 3 of the Probation Act (par. 786) provides for the entry of an order granting or refusing release on probation and directs that if the defendant is released on probation, the cause shall continue to be subject to the jurisdiction of the court for the full period of its continuance "during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance." This provision extended the jurisdiction of the court during the probation period and authorized the court at any time within such period to enter orders with respect to the conditions of probation. In view of this provision, it is obvious the court had jurisdiction over plaintiff in error for the period of probation, that is for two years following November 18, 1943. The order suspending the order of probation and the later order reinstating the original order were both entered with plaintiff in error's consent and within the probationary period. Under such circumstances, the court had jurisdiction to enter the order of March, 1945, releasing plaintiff in error

586

on probation. The probationary period was not extended and the conditions on which he was released had not been fulfilled. When those conditions were violated, the court had jurisdiction to declare the probationary period terminated and sentence plaintiff in error on his plea of guilty.

No questions are raised that come within the jurisdiction of the Appellate Court so that no order of transfer to that court will be entered.

The judgment is affirmed.

*Judgment affirmed.*