(No. 30538.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE P. SYER, Plaintiff in Error.

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

CLARENCE P. SYER, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Clarence P. Syer, was found guilty of armed robbery by a jury in the Kane County circuit court and, after motions for a new trial and in arrest of judgment and for probation were overruled, he was sentenced December 16, 1936, to the penitentiary for one year to life. He seeks by writ of error to reverse the judgment against him. The case is here on the common-law record.

Plaintiff in error urges four grounds for reversal. He argues that the record does not show the court was duly organized for the September, 1936, term; that the record fails to show the indictment was returned in open court; that the court refused to order an investigation upon his application for parole but summarily denied same and that he was thereby denied due process of law.

An additional or supplemental record was filed herein on March 4, 1948, by leave of court. The record clearly shows the placita and organization of court on the second Monday of September, 1936. It recites the presence of the circuit judge, the clerk of the court, the State's Attorney and the sheriff, and shows that the September term was opened by due proclamation according to law. The record also shows that the court was duly organized on October 27, 1936, and on that day the grand jury empaneled for the September term, 1936, came into open court in charge of a sworn officer and presented to the

court the indictment against plaintiff in error. The record therefore is not subject to the objections made against it by the plaintiff in error.

This brings us to a consideration of the claim that the court erred in denying the application of plaintiff in error for probation without causing an investigation to be made. Plaintiff in error cites and relies upon *People* v. *Donovan,* 376 Ill. 602. In that case the accused was a minor and entered a plea of guilty to forgery without legal advice, there being no attorney representing him. The court heard evidence in aggravation of the offense and refused to hear evidence in mitigation. In that case we were not satisfied that the accused did not plead guilty under a misapprehension that the court would admit him to probation and we reversed the judgment and remanded the cause. The case before us is much different than the *Donovan case.* Plaintiff in error was found to be 35 years of age. He was represented by counsel and a trial by jury was had. After a full hearing on the merits and after his motions for a new trial and in arrest of judgment were overruled, he then moved for probation. The evidence heard on the trial is not before us, but evidently the court was satisfied to act upon it without an investigation being made. The trial court exercises discretion in granting or refusing probation and its discretion in that connection cannot be reviewed by this court. (*People* v. *Racine,* 362 Ill. 602; *People* v. *Brown,* 392 Ill. 519.) Where a case is tried on its merits and a motion for probation follows which is denied without evidence being heard on the motion we must assume that the court did not thereby abuse its discretion unless the contrary is made to appear by a proper bill of exceptions. From an examination of the record before us we cannot say that the plaintiff in error has been denied due process of law. No error appearing in the record, the judgment must be affirmed.

*Judgment affirmed.*