(No. 32561.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NORMAN MAYFIELD, Plaintiff in Error.

*Opinion filed January 22, 1953—Rehearing denied March 24, 1953.*

MOORE, WIMBISH & LEIGHTON, of Chicago, (GEORGE N. LEIGHTON, of counsel,) for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and LAWRENCE GENESEN, all· of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Norman Mayfield, defendant and plaintiff in error, was indicted in the criminal court of Cook County for the crime of statutory rape.

On January 31, 1952, the defendant appeared in court with counsel, having theretofore pleaded not guilty to the indictment. The defendant and his counsel thereupon proposed to waive trial by jury and to submit the cause to the court for hearing. After a trial and at the close of all of the evidence, the court found the defendant guilty of rape under count 2 of the indictment which charged statutory rape of a female child, fifteen years of age.

The defendant then made an application to be released on probation. The application was signed personally by plaintiff in error. Subsequently, an order was entered granting probation to the defendant and providing expressly the terms thereof.

The defendant prosecutes this writ of error to review the judgment of conviction in the criminal court of Cook County. In the brief and argument filed in behalf of the plaintiff in error, no mention is made of the probation order or the terms thereof.

The People, on leave of court, have filed an additional abstract containing the application for probation, the order of the court granting the same, together with the individual recognizance of defendant and its approval by the trial court.

Accordingly, the question is propounded: Can this court by writ of error review the judgment of conviction, in view of the order of probation entered by the criminal court of Cook County? The record shows that plaintiff in error consented to terms and conditions of the probation and personally signed the recognizance.

It is the contention of the defendant in error that defendant having requested probation, having been granted probation and consented to all the terms and conditions of the order, has waived his right to review. The defendant has filed no reply brief answering this question.

Among other conditions mentioned in the order granting probation, it is specifically stated: "It is ordered that said application be and it hereby is granted and that said defendant Norman Mayfield be and hereby is released on probation for the period of 60 months from the date hereof; during which time this cause shall stand continued, subject however during the full period of such continuance to the jurisdiction of the Court in which said cause is pending, or any judge thereof, with full power and authority in the Court to have such proceedings and enter such orders

from time to time during such continuance as may be in accordance to law and the proper procedure of this Court."

Section 2 of the Probation Act (Ill. Rev. Stat. 1951, chap. 38, par. 785,) authorizes admission to probation in cases of this character after entry of judgment in accordance with the provisions of the act. In *People* v. *Kessler*, 394 Ill. 26, it is stated, "This court has many times held that we cannot review the discretion of the trial court in granting or refusing probation." To the same effect is *People* v. *Syer*, 400 Ill. 444.

The terms and conditions imposed by the court in this case were entirely authorized by the statute. Ill. Rev. Stat. 1951, chap. 38, pars. 786 and 787.

In *People* v. *Catcott*, 393 Ill. 582, the defendant contended that by reason of several probationary orders the court lost jurisdiction and that a judgment committing him to the penitentiary was void. In affirming the original sentence for embezzlement, this court said: "The question on this review is restricted to the single point as to whether the circuit court's jurisdiction over defendant of the crime for which he pleaded guilty was lost by reason of the suspension of the order of probation entered February 13, 1945. Section 3 of the Probation Act (par. 786) provides for the entry of an order granting or refusing release on probation and directs that if the defendant is released on probation, the cause shall continue to be subject to the juridiction of the court for the full period of its continuance 'during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance.' "

It conclusively appearing, under the facts existing in this case, that this court is without any authority to review any phase of this case while jurisdiction is retained by the criminal court of Cook County, the writ of error is hereby dismissed.

*Writ of error dismissed.*