People of State of Illinois, Defendant in Error, v. William Martin and Genevieve Martin, Plaintiffs in Error.

Gen. No. 45,864.

 Opinion filed
April 22, 1953. Rehearing denied May 19, 1953. Released for publication June 3, 1953.

JULIUS LUCIUS ECHELES, of Chicago, for plaintiffs in error.

JOHN GUTKNECHT, State's Attorney of Cook county, of Chicago, for defendant in error; JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendants William Martin and Genevieve Martin prosecute this writ of error to review a judgment of conviction under an indictment charging them and James C. Havis with a conspiracy under Count I to sell to James C. Havis one-eighth of an ounce of a narcotic drug known as opium or heroin; under Count II, of dispensing the same, and under Count III, to possess the same, all in violation of the Uniform Narcotic Act.

Upon a trial with a jury a verdict was returned finding Genevieve Martin guilty and fixing her punishment at imprisonment in the penitentiary, and finding defendant William Martin guilty as charged in the indictment, and fixing his punishment at imprisonment in the penitentiary and a fine of $2,000. The court sentenced defendant William Martin to the penitentiary for a term of not less than four nor more than five years, and to pay a fine of $2,000.

██ Defendant Genevieve Martin presented her written application for probation, and after a hearing the court entered an order granting her probation for a period of five years, providing in said order, "during which time this cause shall stand continued, subject

198

however during the full period of such continuance to the jurisdiction of the Court in which said cause is pending." She was allowed to enter into her individual recognizance for release on probation, in which recognizance she accepted the terms set forth in the order for probation. Under these circumstances, she is not entitled to prosecute a writ of error to review the finding of guilty, and the writ of error as to her is dismissed.

*People v. Mayfield,* 414 Ill. 146, involved the identical question. It was there said:

". . . this court is without any authority to review any phase of this case while jurisdiction is retained by the criminal court of Cook County, the writ of error is hereby dismissed."

*People v. Collis,* 344 Ill. App. 539.

■ Defendant William Martin contends that the indictment fails to allege any crime, since he cannot be guilty of a conspiracy with his wife, Genevieve Martin, they being one under the common law. There would be merit in defendant's position except for the fact that the defendant and his wife are joined in the conspiracy with another—namely, James C. Havis. *People v. Estep,* 346 Ill. App. 132, and cases there cited.

■ It is next urged that the indictment is fatally defective because the conspiracy charged is on the part of all three defendants to sell the narcotic to Havis; that Havis cannot be in any conspiracy to sell to himself; and that since he cannot be joined in such conspiracy, it leaves only William Martin and his wife, Genevieve, in such conspiracy, who are incapable, under the common law, of being guilty of a conspiracy as husband and wife. This contention is without merit because the verdict was general, and if the evidence sustains any count in the indictment the verdict will be sustained.

199

██ The third count charged conspiracy to possess, and the evidence abundantly proves the charge embodied in that count. The narcotic in question was found on the person of defendant William Martin at the time of his arrest, and the proof is clear and convincing beyond a reasonable doubt of the conspiracy therein charged.

██ In *People v. Fitzgerald*, 297 Ill. 264, 267, it was held that where the defendant is found guilty generally, and the punishment imposed is one which is authorized to be inflicted for the offense charged in any one or more counts, the verdict must be sustained. *People v. Arnold*, 396 Ill. 440.

██ Defendant complains that the court erred in denying defendant's motion to suppress evidence obtained from defendant by unlawful search and seizure, and that it was prejudicial to introduce such evidence to the jury. This evidence consisted of the narcotic found upon the defendant's person at the time of his arrest. The police had evidence from defendant Havis and the People's witness Baker of a sale of a narcotic previously arranged by defendant William Martin and were fully justified in arresting Martin, having ample grounds to believe that a crime had been committed. The search of Martin, simultaneous with his arrest, was justified. In *People v. Tabet*, 402 Ill. 93, it was said:

"It has been held that where the arrest without a warrant is justified the accompanying search of the person is also justified. . . . what is found upon his person, or in his control, which it is unlawful for him to have, and which may be used to prove the offense, may be seized and held as evidence in the prosecution."

██ Defendant argues that his conviction cannot be sustained upon the uncorroborated testimony of defendant Havis, a self-confessed accomplice. The law is

otherwise. The question is one of credibility of the witness, of which the jury is the sole judge. *People v. Meisenhelter,* 381 Ill. 378. However, the testimony of Havis is not without corroboration. The witness Baker testified to her dealings with Havis, resulting in the purchase of the narcotic in question. The conspiracy charged having been proven, the act of one of the conspirators in furtherance of the conspiracy binds the other conspirators. *People v. Amore,* 369 Ill. 245, 251.

We find no error in the record to justify reversal. Accordingly the judgment as to William Martin is affirmed.

*Affirmed.*

LEWE, P. J. and KILEY, J., concur.