(No. 32935.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM MARTIN *et al.,* Plaintiffs in Error.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

JULIUS LUCIUS ECHELES, and FRANK W. OLIVER, of Chicago, for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

William Martin and Genevieve Martin, his wife, were indicted for conspiracy to sell, dispense and possess heroin in violation of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1953, chap. 38, pars. 192.1-192.28.) Count 1 of the indictment charged the Martins with conspiring with each other and with James C. Havis to sell one eighth of an ounce of heroin to James C. Havis; count 2 with conspiring with each other and with Havis to dispense one eighth of an ounce of heroin to Havis, and count 3 with conspiring with each other and with Havis to possess heroin. A jury found them guilty. William Martin was sentenced to the penitentiary for a term of not less than four nor more than five years, and was fined $2000. The jury also fixed Genevieve Martin's punishment at imprisonment in the penitentiary, but she applied for and was granted probation. On writ of error, the Appellate Court affirmed the conviction of William Martin and dismissed the writ of

error sued out by Genevieve Martin. (350 Ill. App. 196). The case is here on writ of error.

The Appellate Court dismissed the writ of error as to Genevieve Martin upon the authority of *People* v. *Mayfield*, 414 Ill. 146, on the ground that the order of the criminal court of Cook County which granted her probation also retained jurisdiction of the case in that court during the period of probation, and thus precluded review. This disposition of the writ of error as to Genevieve Martin is not here challenged.

The basic contention urged on behalf of William Martin is that because the two defendants are husband and wife, and because at common law husband and wife were regarded as one person, they cannot be guilty of conspiracy, which requires the participation of more than one. The indictment, it is true, does not charge a conspiracy between husband and wife alone, but among husband and wife and a third person. (cf. *People* v. *Estep,* 346 Ill. App. 132.) So far as the first two counts of the indictment are concerned, however, the addition of Havis does not dispose of the defendant's contention, since Havis, who under the indictment and the proof is the purchaser or the recipient of the heroin, must also be cast in the role of a conspirator to sell or dispense to himself.

The Appellate Court considered that no such difficulty attached to the third count of the indictment, charging conspiracy to possess, and therefore rested its affirmance of the conviction upon that count, which it found to be sustained by the evidence. In view of the importance of the question in the administration of the criminal law of the State, however, we consider it appropriate that this court should squarely determine the contention which the defendant has raised.

The proposition that a husband and wife cannot be guilty of conspiracy rests upon the common-law fiction of the unity of husband and wife. It has been announced by

authors of treatises and texts on criminal law, (2 Bishop, Crim. Law, sec. 187, (9th ed.); 2 Wharton, Crim. Law, sec. 1392 (9th ed.); Miller, Crim. Law, sec. 32,) and has been applied in some jurisdictions in this country. (*People* v. *Miller,* 82 Cal. 107, 22 Pac. 934; *Gros* v. *United States,* C.C.A. 9, 138 Fed. 2d 261; *Dawson* v. *United States,* C.C.A. 9, 10 Fed. 2d. 106.) Its legitimacy, considered solely in terms of its status as a rule of the common law, has been questioned, however, (see 27 Col. L. R. 219,) and it has been rejected in other jurisdictions, upon the ground that the factors which may have been available to support the fiction at common law have long since been eliminated by legislation which recognizes the separate status of husband and wife. *Johnson* v. *United States,* C.A.D.C., 157 Fed. 2d 209; *Dalton* v. *People,* 68 Colo. 44, 189 Pac. 37; *Marks* v. *State,* 144 Tex. Cr. R. 509, 164 S.W. 2d 690.

The question has not heretofore been passed upon by this court. (See *People* v. *Estep,* 346 Ill. App. 132; cf. *Worthy* v. *Birk,* 244 Ill. App. 574; *Merrill* v. *Marshall,* 113 Ill. App. 447.) We have recently had occasion, however, to consider in other contexts the origin of the common-law fiction of identity of husband and wife, and to appraise its present vitality. (*Welch* v. *Davis,* 410 Ill. 130; *Brandt* v. *Keller,* 413 Ill. 503.) The fiction was based upon the disability of the wife to own separate property at common law, and her lack of capacity to maintain a legal action independently of her husband. (see 1 Blackstone's Commentaries, (Wendell's Ed.) *442, 2 id. *433; *Welch* v. *Davis,* 410 Ill. 130, 133.) Married women may now own their separate property, and they may now sue and be sued in their own right. (Ill. Rev. Stat. 1953, chap. 68, pars. 1-21.) Nor is there any longer a presumption of coercion of the wife by her husband. (Ill. Rev. Stat. 1953, chap. 38, par. 596.) Husband and wife may now testify against one another. (Ill. Rev. Stat. 1953, chap. 38,

par. 734.) No relevant reason which might have supported the asserted common-law rule exists today. We hold, therefore, that a husband and wife who enter into a criminal conspiracy are not immunized from prosecution by surviving radiations from the common-law fiction of unity of husband and wife.

Under the circumstances of this case, where that part of the evidence to which no objection was made so clearly establishes the guilt of the defendant, alleged errors in the admission of testimony relating to prior sales of narcotics by Havis to other persons cannot be regarded as prejudicial. The opinion of the Appellate Court adequately disposes of the remaining contentions—that evidence illegally seized was improperly admitted against the defendant, and that the evidence was not sufficient to sustain the conviction,—and we adopt the opinion of that court with respect to those contentions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*