**The People of the State of Illinois, Defendant in Error, v. Anthony S. Vysther, Plaintiff in Error.**

**Gen. No. 49,335.**

First District, Fourth Division.

May 20, 1964.

Myer H. Gladstone, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and John J. O'Toole, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Defendant seeks reversal of a judgment entered after trial on an information without a jury. He was convicted of falsely representing himself to be a police officer, and was placed on probation.

The contention is that the information failed to allege that defendant had *falsely* stated that he was a police officer; that omission of the word "falsely" from the information rendered it void; and that all proceedings based thereon were, therefore, a nullity. The information, which was filed December 18, 1962, charged the defendant as follows:

Peter Sbalchiero . . . gives the court to be informed and understand that Anthony S. Vysther, heretofore, to wit: on 17th day of December A. D., 1962, at the City of Chicago aforesaid committed the offense of False Impersonation of Police Officer in that: Anthony S. Vysther did on the 17th day of December, 1962 at about 8:45 p. m. stop car driven by Raymond Ackerman at 36 E. 108th St. and stated he was a police officer and asked to see Ackerman's driver's license, Vysther then stopped the following on street at 36 E. 108th St., and told them he was a police officer: David Degani, 10302 Normal Ave., Marie Munarin, 10625 Calumet Ave., Gene Syastak, 10802 Wentworth Ave. Vysther then went to 2nd floor apartment at 36 E. 108th St., pounded on door and demanded entrance, stating he was a police officer, Mrs. Linda Estes occupant refused him entrance and he then proceeded to curse her, in violation of Chapter 38, Section 32–5, Illinois Revised Statutes, 1961, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

The statute which defendant was specifically alleged to have violated reads:

A person who falsely represents himself to be an attorney authorized to practice law or a public officer or a public employee shall be fined not

224

to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed 6 months, or both. (Ill Rev Stats 1961, c 38 § 32–5.)

█ We have taken with the case a motion by the State to dismiss the writ of error on the ground that a defendant who requests and accepts probation is deemed to have admitted the regularity of the proceeding and waived all right to a review of his conviction, citing People v. Dowd, 27 Ill App2d 429, 170 NE2d 179; People v. Mayfield, 414 Ill 146, 111 NE2d 164; People v. Martin, 350 Ill App 196, 112 NE2d 526; and People v. Collis, 344 Ill App 539, 101 NE2d 739.

We question the efficacy of this rule to cure a defect or supply an otherwise fatal omission in the basic charging document involving the very jurisdiction of the trial court. People v. Fore, 384 Ill 455, 458, 51 NE2d 548; People v. Edge, 406 Ill 490, 494, 94 NE2d 359; People v. Harris, 394 Ill 325, 327, 68 NE2d 728; People v. Nickols, 391 Ill 565, 570, 63 NE2d 759.

In any event, the motion to dismiss must be denied because of statutory changes which we believe are controlling in this case. The Code of Criminal Procedure of 1963 became effective January 1, 1964. Ill Rev Stats 1963, c 38, § 125–4. An important procedural change was accomplished by section 117–1(d) of that statute which provides:

The judgment of guilty entered prior to the admission of defendant to probation shall be a final judgment subject to review under Article 121 of this Code.

In opposing the State's motion to dismiss, defendant is entitled to the benefit of this provision even though he was found guilty prior to the effective date of the Code because the savings provisions in section 125–3 of the Code include the following:

(b) In any case pending on or after the effective date of this Code involving an offense committed prior to such date the procedural provisions of this Code shall govern insofar as they are justly applicable and their application does not introduce confusion or delay.

(c) Provisions of this Code according a defense or mitigation shall apply with the consent of the defendant.

(d) Provisions of this Code governing the treatment, eligibility, release or discharge of prisoners, probationers and parolees shall apply to persons under sentence for offenses committed prior to the effective date of this Code except that the minimum or maximum period of their detention or supervision shall in no case be increased.

■ Accordingly, the motion to dismiss is denied. After considering the case on its merits, however, we conclude that defendant's conviction must be affirmed.

Defendant contends that the information is fatally defective because it omitted the essential word "falsely" and because it did not state the offense, as required, in the language of the statute.

■ This argument is erroneous in two respects. First, there is no requirement that the exact statutory language be set forth in an information, but only that an "information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense." People v. Lewis, 13 Ill App2d 253, 141 NE2d 661 (1957). Similarly, in People v. Howard, 41 Ill App2d 128, 132, 190 NE2d 3 (1963), the court held that an information is sufficient "which states the offense in the terms and language of the statutes creating the offense, *or* so plainly that the nature of

the offense may be easily understood by the jury." *
(Emphasis supplied.) At the time of filing the information in the instant case, the words just quoted were embodied in the statute relating to the form of indictments and were applicable also to informations. Ill Rev Stats 1961, c 38, § 716; Chesshire v. People ex rel. Harper, 116 Ill 493, 500, 6 NE 486.

Second, the information in this case does contain the essence of the word claimed to be missing. Defendant attempts to avoid the effect of the phrase, "committed the offense of False Impersonation of Police Officer," by calling it a general description and thus requiring the ensuing details to allege falsity. We believe, on the contrary, that the above quoted phrase is an integral portion of the charge. Not only does the phrase constitute part of the sentence setting out times and places of the commission of the crime; but it also constitutes a limitation of the broader statutory offense by particularizing the impersonation of a *public* officer as that of a *police officer*. Thus, the information does not merely state the title of the crime and then describe the details, but from the beginning

---

* None of the other authorities cited by defendant hold that an information must repeat the words of the statute defining the crime of which he is charged. Pettibone v. United States, 148 US 197, 202 ("all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted such omission cannot be supplied by intendment or implication"); People v. Moore, 368 Ill 455, 457, 14 NE2d 494 ("must allege all facts necessary to constitute the crime charged"); People v. Shaver, 367 Ill 339, 342, 11 NE2d 400 ("facts sufficient to constitute a public offense"); People v. Glickman, 377 Ill 360, 366, 36 NE2d 720 ("must allege all of the facts necessary to constitute the crime with which the defendant is charged"); People v. Snyder, 279 Ill 435, 438, 117 NE 119 ("must allege all of the facts necessary to constitute the crime with which the defendant is charged, and an indictment which does not set forth such facts with sufficient certainty will not support a conviction").

sets out and delimits a particular part of the offense, with specific reference to the pertinent statute.

Nor is there any ambiguity in the information arising from the assumption that a police officer is a public officer. This fact is a matter of public knowledge, so that neither the defendant nor the court was misled.

We hold that the information sufficiently apprised the defendant of the charge against him, and the judgment of conviction is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.