**People of the State of Illinois, Defendant in Error, v. Melvin C. Shipp, Plaintiff in Error.**

**Gen. No. 67–135.**

Second District.

December 27, 1967.

Richard F. Eckert, of Freeport, for plaintiff in error.

Dexter A. Knowlton, State's Attorney, of Freeport, for defendant in error.

MR. JUSTICE MORAN delivered the opinion of the court.

The defendant, Melvin C. Shipp, was found guilty of larceny and burglary in a jury trial. The court entered judgment on the verdict and sentenced the defendant to the penitentiary for a period of 15 years to life.

This appeal, originally filed with the Supreme Court and transferred to this court, raises but one question, that is, whether or not the introduction into evidence of an arrest slip and testimony relative thereto was prejudicial to the defendant and thereby grounds for reversal.

A deputy sheriff testified from an arrest slip, based on a statement made to him by the defendant, as to the defendant's age. The trial court admitted the arrest slip into evidence over objection and defense counsel then began cross-examination of the deputy and, upon examining the exhibit, noticed and stated in open court that the arrest slip pertained to a different crime. It seems that neither the court nor either counsel were aware that the witness was testifying from an arrest slip other than the one used for the crime being tried.

A conference between court and counsel, in chambers, took place during which the defense moved for a mistrial. This motion was denied and, on resumption of the hearing before the jury, the court allowed the State's motion to withdraw the exhibit and instructed the jury to disregard the testimony of the deputy sheriff with regard to such exhibit.

The deputy, in his testimony, did not give the date of the arrest slip or in any way inform the jury that the arrest was for any charge other than that then being tried. The jury did not see the exhibit and, although they could have heard the comment of defense counsel that the exhibit applied to a different arrest, there is no proof that this is the fact.

443

■ The defense urges here that under People v. Epping, 17 Ill2d 557, 162 NE2d 366 (1959), prejudice against the defendant could easily be aroused in the minds of the jury from the erroneous evidence. In the Epping case the Supreme Court stated at page 565:

> "It is true, as the defendant suggests, that, excluding matters relating to the habitual criminal, evidence of prior convictions ought to be carefully limited, for the law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime."

However, it must be kept in mind that it was the defendant, not the State, that suggested to the jury that the slip referred to a different arrest than the one being tried. We feel that any error which might have occurred was cured by the withdrawal of the exhibit and the instruction given by the court. People v. Dell, 77 Ill App2d 318, 326, 222 NE2d 357 (1966).

■ In addition, we note that there was clear proof of defendant's guilt, both from an eyewitness to the crime and from the evidence that, after his arrest, defendant led police to the hiding place of the loot. In such a case, even if it could be said that there was a suggestion of another crime, there would be no basis for reversal under the circumstances of this case. People v. Martin, 4 Ill2d 105, 109, 122 NE2d 245 (1954).

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.