**People of the State of Illinois, Plaintiff-Appellee, v. Walter McCottrell, Defendant-Appellant.**

**Gen. No. 67–30.**

Fifth District.

November 18, 1969.

Robert F. Godfrey, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney, of Belleville (John M. Karns, Jr., Assistant State's Attorney, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal from the Circuit Court of St. Clair County from a judgment entered upon a jury verdict finding the defendant, Walter McCottrell guilty upon each count of a three-count indictment charging the defendant with burglary with intent to commit theft, rape and robbery.

The defendant in his effort to reverse the judgment challenges the trial court's ruling that a written and oral confession were admissible in evidence, alleges that the Court erred in denying the defendant's motion for mistrial, and asserts that the verdict was the result of prejudicial remarks of the State's Attorney in his closing argument.

The basis of the defendant's first argument is that the admonishment given to the defendant by the law enforcement officers prior to his interrogation falls short of the requirements of the Miranda and Escobedo decisions.[1] The defendant argues he was held in custody for a period of six to seven hours, that the admonishment given to the defendant by the law enforcement officers was done in a hurried manner and was never repeated to the defendant during the course of the interrogation and that accordingly and when considered with the age of the defendant, which was 17 at the time, exhibits a violation of the requirements of Miranda and Escobedo.

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602; Escobedo v. Illinois, 378 US 478, 84 S Ct 1758.

3

It should be noted that a full hearing was held out of the presence of the jury before the confessions were ruled admissible. All material witnesses to the confessions were called as witnesses. The trial court sought to apply the test of Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 1969.

 The question of the competency of a confession is for the trial judge to determine and his decision will not be disturbed unless it is manifestly against the weight of the evidence. People v. Taylor, 40 Ill2d 569, 241 NE2d 409 (1968). In the present case the defendant does not assert that the admonishments were not given to him but that they were given to him in a hurried manner. From our examination of the record it appears that all of the witnesses called to testify indicated that the defendant was duly admonished both orally and by exhibiting to him a placard which contained the admonishments in writing. The time element is also not particularly relevant, although we note a great disparity as to time—the defendant indicating a period of seven hours, the law enforcement officers indicating a maximum period of some two hours. It is clear that neither of these estimates of time were taken up with constant interrogation. By the defendant's own testimony he was allowed freedom of movement within the police station and consulted with his father on various times during his detention. It appears that the defendant's father was at the police station during the interrogation and consulted with the defendant during the period in question. It also appears from the record that the defendant actually made his inculpatory statement after a relatively short period of time and that the remaining interrogation pertained to other and unrelated alleged offenses committed by the defendant.

 As to the defendant's complaint that his rights were explained to him but one time, our Supreme Court

4

has held in People v. Hill, 39 Ill2d 125, 233 NE2d 367 (1968):

"It should be made perfectly clear that once Miranda's mandate was complied with at the threshold of the questioning, it was not necessary to repeat the warnings at the beginning of each successive interview."

█ From our examination of the record, we are of the opinion that the defendant was effectively admonished as to his Constitutional rights and that the defendant knowingly and effectively waived those rights. We are further of the opinion that the court did not err in the admission of the inculpatory statements into evidence.

The defendant's second allegation of error is that the court incorrectly denied the defendant's motions for mistrial when certain witnesses testified as to other crimes for which the defendant was being investigated. The first of such incidents occurred during the cross-examination of a law enforcement officer. During this sequence the law enforcement officer was asked by the defendant's counsel whether or not the defendant was picked up based upon an identification from a photograph. The law enforcement officer answered that the defendant was, "picked up on information furnished by the clerk of the store." The defendant reasons that this evidence injected evidence of unrelated crimes into the testimony since the offenses for which the defendant was being tried did not involve a store nor any type of clerk.

The second incident occurred when another law enforcement officer was testifying concerning the inculpatory statement given by the defendant. Here again the law enforcement officer while being cross-examined by the defendant's counsel, when asked whether a sec-

retary at the police station was present, made the following reply:

> "She wasn't in the office at the time we were questioning him, she was brought into the office to take a statement from him which was on the robbery."

We find no merit as to the second incident inasmuch as one of the offenses with which the defendant was charged was the offense of robbery. We note that the same observation was made by the trial court at the time that the defendant made his motion for mistrial. We concur with the court's ruling.

█ As to the other incident it should be observed that the statement complained of was brought out by the persistence of counsel for defendant on cross-examination. It should be further observed that the answer was responsive to the question. Under these circumstances the State will not be held responsible for the prejudicial testimony. People v. Luckey, 90 Ill App2d 325, 234 NE2d 26 (1967). Furthermore, we note that the defendant during his case testified at length to the things complained of, in that he testified that when arrested he was told the police wanted to talk to him concerning a robbery of a liquor store. Therefore, it was the defendant himself who offered the most prejudicial testimony as to unrelated crimes; whatever prejudice the defendant suffered was through his own testimony.

The last allegation of error concerns an allegation of improper remarks during closing argument. During the closing argument the Assistant State's Attorney made two references which the defendant contends deprived him of a fair trial. The defendant alleges that most serious error was committed when the defendant was referred to as a hardened criminal.

 In regard to the State's Attorney's reference to the defendant as a hardened criminal, our examination of the record reveals that the reference must be considered in the context in which it appears. The defendant's attorney characterized the defendant in his closing argument as a young, innocent boy from a good family and one incapable of committing "those horrible things." The State's Attorney in his rebuttal argued that any peron who committed the crime of rape upon a 65-year-old-woman had to be a hardened criminal no matter what his age. The references to the defendant as a hardened criminal were each in response to the argument of the defendant's counsel and were based upon the evidence adduced during the trial. When examined within its context we find the argument to be both responsive and within the legitimate bounds of argument; defendant cannot complain of argument that is invited by defense counsel. People v. Woodeley, 67 Ill App2d 380, 206 NE2d 743 (1965). The second incident alleged to be erroneous by the defendant involved a reference by the Assistant State's Attorney to the trends of the court's decisions. The defendant finds the following sequel objectionable:

> "You know what the trends are today. You know how police officers must act in view of the Court's decision. You don't have to. . . ."

at which point the defense counsel's objections were sustained. The argument is apparently a criticism of the courts, which we find inappropriate, but it is difficult to perceive how the argument could be interpreted as so prejudicial as to require a new trial where evidence of guilt had been clearly established. People v. Martin, 4 Ill2d 105, 122 NE2d 245. The prosecutor had not

completed his thought since the defendant objected before the sentence was finished and that objection was sustained and the jury instructed to disregard.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

CLARK and GOLDENHERSH, JJ., concur.