George Woods and Betty Woods et al. [1] v. Commissioner. Woods v. Commissioner
Docket Nos. 51458-51461.
United States Tax Court
T.C. Memo 1958-134; 1958 Tax Ct. Memo LEXIS 92; 17 T.C.M. (CCH) 698; T.C.M. (RIA) 58134; July 14, 1958
*92 During 1948 and 1949, petitioners George Harrison, Samuel B. Wallace, and William H. Lewis were members of a partnership. During 1950 and 1951, petitioners Harrison, George Woods, and Lewis were members of a partnership. The business conducted by both partnerships was in Chicago. It was a form of lottery and was illegal in Illinois. During 1949 and 1950, Lewis falsified the betting records of the respective partnerships and extracted and appropriated certain funds to his own use and benefit without the knowledge of his copartners. Lewis's copartners have not received any part of the funds so appropriated nor any benefits therefrom in any form and are without legal recourse to recover any part of such funds. Held: (1) the copartners of Lewis are not taxable on the funds appropriated by Lewis, and (2) Lewis is taxable on the full amounts of his misappropriations. Certain income tax returns filed by petitioner William H. Lewis for the years 1949, 1950, and 1951, held, to be the separate returns of Lewis rather than joint returns of Lewis and his wife, Florence Lewis. Certain other issues are to be settled under Rule 50. Arthur J. Wilson, Esq., for petitioners in Docket Nos. 51458, 51459, *93 and 51461. Leonard W. Golan, Esq., for petitioners in Docket No. 51460. Warren C. Seieroe, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: In these consolidated proceedings, the respondent determined deficiencies in income tax and additions to the tax under sections of the Internal Revenue Code of 1939, [2] for the taxable years ending on December 31, as follows: Additions to the Tax
Sec.
Sec.
Sec. 294
Year
Deficiency
293(a)
293(b)
(d)(2)
George Woods and Betty Woods,
Docket No. 51458.
1950
$ 58,915.58
$29,457.79
$3,683.47
1951
7,156.22
3,578.11
624.02
William H. Lewis and Florence Lewis,
Docket No. 51459.
1948
1,246.46
$ 62.32
1949
18,331.02
9,165.51
1,617.46
1950
59,054.34
29,527.17
3,723.90
1951
7,102.52
3,551.26
629.10
George Harrison and Ida Harrison,
Docket No. 51460.
1948
7,838.78
391.94
1949
27,337.60
13,668.80
1,909.23
1950
132,821.06
66,410.53
9,275.40
1951
8,432.32
4,216.16
1,258.02
Samuel B. Wallace and Tomiezene Wallace,
Docket No. 51461.
1949
$18,311.10
$9,155.55
$1,651.36
On September 5, 1957, the respondent filed an amendment to answer in each of the above docket numbers and *94 made claim therein for substantial increased deficiencies and additions to the tax for each of the years mentioned above. Additional amended pleadings have been filed and will be mentioned later. A stipulation of facts was filed in each of the proceedings in which most of the issues raised by the pleadings were settled by agreement of the parties. Effect will be given to the settlement of these issues in the recomputations to be made under Rule 50. The facts relative to the issues remaining for our determination were all stipulated, except in the Lewis proceeding relating to the issues raised by petitioner Florence Lewis in an amendment to petition filed September 30, 1957, alleging that she did not sign the purported joint income tax returns for the years 1949, 1950, and 1951; that she did not authorize her husband or any other person to sign or affix her name to the said returns; and that the statute of limitations has run as to her for the year 1948. In his brief the respondent concedes that assessment of any deficiency in tax or additions under section 293(a) [3] is barred by the statute of limitations as to petitioner Florence Lewis for the year 1948. In *95 the above-mentioned stipulations in the proceedings of Woods, Harrison, and Wallace, the respondent concedes that for each of the years in which he determined an addition to tax under section 293(b) that there now is no such liability; and petitioners for each of those years concede that a part of the deficiency is due to negligence under section 293(a) for which the respondent has duly made claim pursuant to section 272(e). In the stipulation filed in the Lewis proceeding, petitioner William H. Lewis concedes that the returns he filed for the years 1949 and 1950 were false and fraudulent within the meaning of section 293(b) and were filed with intent on his part to evade tax. As to the year 1951, the parties have stipulated that if it is held that the 1951 return is in fact the joint return of William H. Lewis and Florence Lewis, then the respondent concedes that there is no liability under section 293(b) and petitioners concede that a part of the deficiency for 1951 is due to negligence under section 293(a); but that if it is held thatthe 1951 return is in fact not a joint return. But rather the individual return fo William H. Lewis, then petitioner William H. Lewis concedes that *96 he is liable for the addition provided by section 293(b). One of the issues remaining for our determination was whether amounts paid by petitioner George Harrison during 1948 for salaries, wages, and rents and amounts paid by the two partnerships during 1948 to 1951, inclusive, for similar items were deductible as ordinary and necessary business expenses. In view of the decision of the Supreme Court in Commissioner v. Sullivan, 356 U.S. 27 (Mar. 17, 1958), the respondent now concedes this issue in his brief. The only issues left for our determination are as follows: (1) Whether petitioners in the proceedings of Woods, Harrison, and Wallace should, under section 182(c), include in their distributive shares of partnership net income their respective shares of the monies extracted and appropriated by Lewis and, if so, whether, as an alternative, these petitioners are entitled to deductions of the same amounts as "losses sustained during the taxable year" under section 23(e)(1) or (3); (2) Whether, in the event any part of issue (1) is decided in favor of the petitioners therein mentioned, there should be included in petitioner William H. Lewis's income the distributive share of his copartners *97 in the monies he extracted and appropriated to his own use; (3) Whether the income tax returns for 1949, 1950, and 1951 filed in the names of William H. Lewis and Florence Lewis are joint returns of those individuals or the separate returns of petitioner William H. Lewis and, if the latter, whether the deficiencies in tax and additions thereto for such years as to petitioner William H. Lewis, should be computed on the basis of individual returns without the benefit of sections 51(b) and 12(d); and (4) Whether, in the event both parts of issue (1) are decided in favor of the respondent, any basis has been established for the imposition of the additions to the tax under sections 293(a) and 294(d)(2) by reason of the additional income, if any, to petitioners in the proceedings of Woods, Harrison, and Wallace resulting from the forged "hits" appropriated by petitioner William H. Lewis. Findings of Fact The stipulations of fact filed at the hearing are found as stipulated. The petitioners in each docket number are husband and wife and they all reside in Chicago, Illinois. The income tax returns that were filed with the then collector of internal revenue for the first district of Illinois *98 at Chicago. During the years 1948 and 1949, petitioners George Harrison, Smauel B. Wallace, and William H. Lewis were members of a partnership known as Harrison, Wallace & Lewis. During the years 1950 and 1951, petitioners George Harrison, George Woods, and William H. Lewis were members of a partnership known as Harrison, Woods & Lewis. The first partnership was organized on or about July 30, 1948. The second partnership was terminated and dissolved on June 30, 1951. The entire income of both partnerships was derived from the operation in Chicago, Illinois, of a lottery game known as policy. The partners' respective shares of the income of the partnerships for the years indicated were as follows: Partner's Share of
Partner's Share of
Income from Harrison,
Income from Harrison,
Wallace & Lewis
Woods & Lewis
Partners
1948
1949
1950
1951
George Harrison
40%
40%
50%
35.4%
Samuel B. Wallace
30%
30%
0%
0 %
William H. Lewis
30%
30%
25%
32.3%
George Woods
0%
0%
25%
32.3% During the years 1948 to 1951, inclusive, the operation of lottery games and policy was illegal in the State of Illinois, being proscribed by section 406 and 412 of the Criminal Code of the State of Illinois. During the year 1949, petitioner William H. *99 Lewis falsified partnership betting records by forging "Hits" totaling $14,063, which forged "Hits" were included in total "Hits" claimed on the partnership return and thereby caused partnership net income for 1949 to be understated by that amount. Lewis extracted funds totaling $14,063 from the partnership during 1949 and appropriated said funds to his own use and benefit without the knowledge of his copartners. Petitioners George Harrison and Samuel B. Wallace have not received any part of the aforementioned funds appropriated by Lewis nor any benefits therefrom in any form. During 1950, petitioner William H. Lewis falsified partnership betting records by forging "Hits" totaling $100,730, which forged "Hits" were included in total "Hits" claimed on the partnership return and thereby caused partnership net income for 1950 to be understated by that amount. Lewis extracted funds totaling $100,730 from the partnership during 1950 and appropriated said funds to his own use and benefit without the knowledge of his copartners. Petitioners George Harrison and George Woods have not received any of the aforementioned funds appropriated by Lewis nor any benefits therefrom in any form. Subsequent *100 to the above-mentioned falsifications of partnership records by Lewis, the latter was indicted by the United States of America for aiding and assisting in the preparation of false and fraudulent partnership returns for the years 1949 and 1950 in violation of section 3793(b)(1), and for attempted evasion of his individual income taxes on his pro rata share of understated partnership income resulting from the above-mentioned forged "Hits" in violation of section 145(b). Lewis pleaded guilty to the charge of attempted evasion of his individual taxes, as set forth above, and was convicted upon his guilty plea. The charge of aiding and assisting in the preparation of false and fraudulent partnership returns was dismissed on the motion of the United States. The respondent determined that in computing the net income of the partners for 1949 and 1950 there should be included, pursuant to section 182(c), their distributive shares of the $14,063 and $100,730 understatement of partnership net income resulting from the falsification of the partnerships' betting records by Lewis as follows: 1949
1950
George Harrison
$ 5,625.20
$ 50,365.00
Samuel B. Wallace
4,218.90
0
William H. Lewis
4,218.90
25,182.50
George Woods
0
25,182.50
Total
$14,063.00
$100,730.00
Petitioner *101 Florence Lewis was not engaged in business with her husband, but joined with him in filing a joint income tax return for the year 1948. She did not join with him in filing income tax returns for the years 1949, 1950, and 1951. Petitioner William H. Lewis filed certain individual income tax returns for the years 1949, 1950, and 1951 purporting to be the joint returns of himself and his wife Florence. In those returns he named both himself and Florence on the line which said "If this is a joint return of husband and wife, use first names of both;" claimed an exemption for both himself and his wife; signed both his name and his wife's name to the returns; and reported gross income, deductions, and net income of his wife, as follows: Gross
Year
Income
Deductions
Net Income
1949 $840
$305.69
$534.31
1950
840
594.79
245.21
1951
840.h630.17
209.83 The above-mentioned gross income of $840 represents rent from one-half of a 2-flat building purchased by Florence before her marriage with petitioner William H. Lewis. The other half of the building was used by the Lewises as a residence. The above mentioned deductions represent one-half of the cost of repairs and other expenses of maintaining the building. Florence *102 filed no returns for herself for the years 1949, 1950, or 1951 for the reason that she did not think it was necessary to do so where the net income did not amount to $600. She had no knowledge of the returns filed by her husband. She did not authorize her husband or anyone else to file joint returns for the two of them for the years 1949, 1950, and 1951. The returns filed by petitioner William H. Lewis for those years were not joint returns of himself and his wife but where the separate returns of petitioner William H. Lewis. A part of each deficiency determined in Docket Nos. 51458, 51460, and 51461 and for the year 1948 in Docket No. 51459 was due to negligence, or intentional disregard of rules and regulations but without intent to defraud. Declarations of estimated tax were filed by petitioners for the following years showing an estimated tax in amounts as follows: Amount
of Estimated
Petitioners
Year
Tax
George Woods and wife
1950
$ 45,000.00
George Woods and wife
1951
30,000.00
William H. Lewis and wife
1949
12,000.00
William H. Lewis and wife
1950
45,000.00
William H. Lewis and wife
1951
30,000.00
George Harrison and wife
1949
32,868.63
George Harrison and wife
1950
105,000.00
George Harrison and wife
1951
36,000.00
Samuel B. Wallace and wife
1949
12,000.00
All *103 of the above amounts were paid in installments except in the proceeding of Harrison and wife for 1949, and in that case $5,824.84 of the $32,868.63 represented an overpayment of tax for 1948 which the petitioners there elected to have credited to their 1949 estimated tax. In Docket No. 51459, the total installments paid by petitioner William H. Lewis for 1949 amounted to $15,998.23; and in Docket No. 51461, the total installments paid by petitioner Samuel B. Wallace for 1949 amounted to $16,000. Opinion The respondent determined that in computing the net income of the partners for 1949 and 1950 there should be included, pursuant to section 182(c), [4] their distributive shares of the $14,063 and $100,730 understatement of partnership net income resulting from the falsification of the partnerships' betting records by Lewis in the amounts set out in our findings. Lewis concedes that in any event the amounts so included in computing his net income for 1949 and 1950, in the amounts of $4,218.90 and $25,182.50, respectively, were properly included by the respondent. The copartners of Lewis insist that the amounts so included by the respondent in computing their net income for 1949 and 1950 *104 was error. The parties are in agreement that the business in which the partnerships were engaged was illegal in the State of Illinois, being proscribed by sections 406 and 412 of the Criminal Code of the State of Illinois. The parties also agree that Lewis falsified the betting records of the partnerships so as to show more "Hits" than had occurred and had extracted and appropriated over $114,000 of such excess "Hits" to his own use and benefit without the knowledge of his copartners and that his copartners have not received any of the funds so appropriated nor any benefits therefrom in any form. It is well settled that under Illinois law the copartners of Lewis have no legal recourse to recover any part of the monies appropriated by Lewis. Brelsford v. Stoll, 304 Ill. App. 222 (1940), 26 N.E. 2d 159. In that case the Appellate Court of Illinois said: "Where persons engage in the unlawful business of gaming, *105 courts will not assist either one but will leave them where they placed themselves. Samuels v. Oliver, 130 Ill. 73, 22 N.E. 499. * * * "This principle was early announced and has been uniformly adhered to by the Courts of Review of this state. In the case of Miller v. Davidson, 8 Ill. 518, 3 Gilman 518, 44 Am. Dec. 715, decided in 1846, Justice Caton used this language: 'No principle is better settled, than that where two or more persons embark in an unlawful transaction, and one gets the advantage of the other, and appropriates more than his proportion of the spoils to himself, the court will not interefere to make him divide with the others. As they commenced with a violation of the law, they cannot invoke its aid in any way. The law will not meddle with gains obtained by its own outrage, as between those who have been engaged in trampling it under foot.'" Since it is clear from the stipulated facts that the copartners of Lewis have never received any of the funds taken by Lewis and are without any legal recourse to recover the same, they should not be taxed on the amounts so included by the respondent in computing their net income for the years 1949 and 1950. Whether the amounts *106 first be included and then offsetting losses of equal amounts be allowed, or whether the amounts in question be omitted, the result would be the same. The respondent's determination on this point is disapproved. Among other things, it is stipulated in Docket No. 51459 that: "Respondent contends, alternatively, that petitioner William H. Lewis' income for 1949 should be increased by the entire amount of the $14,063.00 in the event it is held by the Court that George Harrison and Samuel B. Wallace are not taxable on any part of the $14,063.00 described above. * * *
"Respondent contends, alternatively, that petitioner William H. Lewis' income for 1950 should be increased by the entire amount of the $100,730.00 in the event it is held by the Court that George Harrison and George Woods are not taxable on any part of the $100,730.00 described above." Petitioner William H. Lewis has not opposed the above alternative contentions. Embezzlement is larceny under the Criminal Code of Illinois. [5] However, Lewis cannot be guilty of the crime of embezzlement because, as a partner, he had a property interest in the funds of the partnership, and the doctrine of Commissioner v. Wilcox, 327 U.S. 404, *107 would be of no help to him. United States v. Achilli, 234 Fed. (2d) 797, 806 (C.A. 7, 1956), affirmed on another point in Achilli v. United States, 353 U.S. 373. In the Achilli case, Circuit Judge Lindley, in speaking for the United States Court of Appeals, Seventh Circuit, said: "In any event, the defense of embezzlement, under the Wilcox rule, has no application to the case at bar, since under Illinois law defendant cannot be guilty of the crime of embezzlement because of his wrongful conversion of partnership funds to his own use. I.R.S., c. 38, § 208, S. H.A. The postulate, supported by the Illinois decisions interpreting this statute, is that one having a property interest in funds in his possession is not guilty of embezzlement if he wrongfully appropriates the whole fund to his own use. People v. Ehle, 273 Ill. 424, 112 N.E. 970; People v. O'Farrell, 247 Ill. 44, 93 N.E. 136; McElroy v. People, 202 Ill. 473, 66 N.E. 1058. * * * Mr. Justice Burton, in Rutkin v. United States, 343 U.S. 130, in holding that money obtained by extortion was income taxable to the extortioner, said "An unlawful gain, as well as a lawful *108 one, constitutes taxable income when its recipient has such control over it that, as a practical matter, he derives readily realizable economic value from it" citing Burnet v. Wells, 289 U.S. 670, 678, and Corliss v. Bowers, 281 U.S. 376, 378. In the instant case, we think that when Lewis falsified the books, extracted and appropriated the funds to his own use and benefit without the knowledge of his copartners, who were without any legal recourse in the matter, Lewis had such control over the funds, that as a practical matter, he derived readily realizable economic value from his misappropriation of the funds. We hold, therefore, that the full amounts of $14,063 and $100,730 should be included in computing his net income for the years 1949 and 1950, respectively. Rutkin v. United States, supra; Macias v. Commissioner, - Fed. (2d) - (C.A. 7, May 7, 1958). Whether the income tax returns filed by petitioner William H. Lewis for the years 1949, 1950, and 1951 are his separate returns or the joint returns of himself and his wife, Florence Lewis, is a question of fact to be determined from the evidence. Muriel Heim, 27 T.C. 270, 273, affirmed, 251 Fed. (2d) 44 (C.A. 8, 1958). Petitioner *109 Florence Lewis testified that she never signed the returns; that she never authorized her husband or anyone else to sign for her or to include her income and deductions in a joint return; that she never knew until recently that the purported joint returns had been filed; and that since her net income for each of the said years was less than $600, she did not think it was necessary for her to file any return. Petitioner William H. Lewis testified that he signed his wife's name to all the returns for 1949, 1950, and 1951; that he did not discuss the filing of such returns with his wife or the income or deductions included therein; and that he did not want his wife to know anything about the business in which he was engaged. The evidence supports our finding that the returns filed for the years 1949, 1950, and 1951 were the separate returns of petitioner William H. Lewis rather than the joint returns of Lewis and his wife. It follows that the deficiencies in tax and additions thereto for the years 1949, 1950, and 1951, as to petitioner William H. Lewis, should, as affirmatively alleged in the alternative, be computed on the basis of individual returns without the benefit of sections *110 51(b) and 12(d) of the 1939 Code. This should be done under Rule 50. Also, in view of our holding on the joint return issue, effect should be given to Lewis's concession in the stipulation that he is liable for the addition provided by section 293(b) for the year 1951. In view of our holding that the copartners of Lewis are not taxable on any of the funds appropriated by Lewis in 1949 and 1950, it becomes unnecessary for us to decide issue (4) mentioned in our opening statement other than to say that since a part of the deficiency in Docket Nos. 51458, 51460, and 51461 is due to negligence, the petitioners are liable under section 293(a) for the addition of 5 per cent of the entire deficiency as to each of the respective years. The determination of the correct amount of the additions both under section 293(a) and section 294(d)(2) should be made under Rule 50. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: William H. Lewis and Florence Lewis, Docket No. 51459; George Harrison and Ida Harrison, Docket No. 51460; and Samuel B. Wallace and Tomiezene Wallace, Docket No. 51461.↩
2. Unless otherwise stated herein, all references to section numbers are to the Internal Revenue Code of 1939.↩
3. See Footnote 2, supra.↩
4. SEC. 182. TAX OF PARTNERS. In computing the net income of each partner, he shall include, whether or not distribution is made to him - * * *
(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183(b).↩
5. See Smith-Hurd, Illinois Annotated Statutes, section 207.↩